## The Chas. L. Baylis.[1]

Burns and others v. The Charles L. Baylis and others.

*(District Court, S. D. New York. December 21, 1885.)*

1. Admiralty—Seamen's Wages—Libel for, Bars Subsequent Claims—Section 4529, Rev. St.
   Certain seamen who had libeled the schooner B. for wages, and obtained a decree under which the schooner was sold, being paid their wages up to the time of filing the libel, petitioned to be paid out of the surplus their wages subsequent to the time of filing the libel, and while the vessel was in the marshal's custody at their instance, up to the day of sale. They had remained aboard and been boarded by the ship, but had not rendered her any services of value. *Held*, that the filing of the libel was an election by them to treat their engagement with the schooner as at an end, and that they were then entitled to a discharge. They could not recover wages, therefore, for the subsequent period, but might recover under section 4529, Rev. St., for the 10 days' extra pay subsequent to filing the libel for the delay in payment.

2. Same—Section 4529—Extra Pay—Lien—Rank.
   The extra pay provided for seamen by section 4529 is an incident to the claim of wages, and ranks with the latter as a prior lien.

In Admiralty.

*Hyland & Zabriskie,* for petitioners.

*Scudder & Carter* and *Geo. A. Black,* opposed.

Brown, J. The three petitioners were seamen on the schooner Charles L. Baylis for different periods during the 10 months prior to her arrival in New York, on the nineteenth of October last. On the twenty-first of October they filed a libel against the schooner to recover their wages, under which the schooner was arrested, and upon the decree subsequently obtained was sold by the marshal in November. The petitioners were paid the wages due to them up to the day of filing the libel, and the balance of the proceeds have been paid into court, against which petitions have been filed by other claimants, under bottomry and other liens subsequent in rank to the lien of seamen's wages.

The seamen having remained upon the vessel during the time that she was in the custody of the marshal, and until the sale, and having performed some work upon her, but not in the way of discharging her cargo, they now file a petition to be paid out of the proceeds in court, their wages accruing from the time of filing their libel on the twenty-first of October up to the twenty-seventh of November, when the vessel was sold, which claims the other lienors resist, the proceeds not being sufficient to pay all. None of the seamen have ever been regularly discharged. They sailed from port to port under the articles, but were not able to procure the wages due them. At Bermuda they sought to be discharged, and to obtain their wages, alleging the unseaworthiness of the vessel; but the consul refused to

[1] Reported by Edward G. Benedict, Esq., of the New York bar.

discharge them, and recommended them to follow the ship to New York, which they did. By the testimony upon which the previous decree was founded, it appeared that the seamen considered the voyage ended at Bermuda, and that they were not bound to remain with the ship; and it would seem that they continued upon it for the purpose of obtaining their wages. She was arrested in New York at their instance, and under their libels was kept in custody by the marshal until sold under a decree in their favor.

The filing of the libel by them for their wages on the twenty-first of October was clearly an election by them to treat their engagement with the ship as at an end, and that they were then entitled to a discharge. Until they were entitled to a discharge, their whole wages could not be due to them. Their subsequent claim for wages, as for continued services, while the vessel was in the marshal's custody by their own procurement, cannot, therefore, be entertained. They remained on the ship, and had their board from her stores, but they rendered her no services of any value to the ship or cargo. Upon the evidence, I think it clear that the seamen were entitled to their discharge, and to their pay when their libel was filed. Had they waited 10 days before filing their libel, they would have been entitled to 20 days' additional pay under section 4529 of the Revised Statutes. I see no reason why they should not still have the benefit of this provision. The statute designed that provision to be enforced in their favor as compensation for delay in paying them their dues. No one has been injured by their failure to wait 10 days. These seamen were not employed by the marshal, and the captain had no authority while the vessel was in the marshal's custody to increase the charges upon the ship to the prejudice of the other lienors. *The Grapeshot*, 22 Fed. Rep. 123. But the extra pay provided by statute is an incident to their claim of wages proper, and ranks with their wages as a prior lien. The petitioners may be paid from the proceeds, therefore, the extra pay allowed by section 4529, without costs. Their other claims are disallowed, and the exceptions in respect thereto are sustained.