## THE ACROPOLIS.

(District Court, E. D. New York.
April 28, 1923.)

Maritime liens ⬤�center⟩37—Seamen ⬤⟩33—Bankruptcy excuses nonpayment of seamen's wages to escape penalty; penalty not payable from funds subject of subsequent liens.

Filing of petition in bankruptcy against owner of vessel and appointment of receiver is sufficient cause for nonpayment of seamen's wages within time required by Rev. St. § 4529 (Comp. St. § 8320), to prevent imposition of penalty, which, being personal claim against owner or master should not in any event be paid from funds looked to by subsequent lienors.

In Admiralty. Libel for seamen's wages by Stephen Bacoyanis and others against the steamship Acropolis. On exception to commissioner's report. Exception sustained.

Nicholas Psaki, Walter B. Hall, Bullowa & Bullowa, and John T. Little, all of New York City, for Stephen Bacoyanis.

Colahan & Stanley, Burlingham, Veeder, Masten & Fearey, and Victor W. Cutting, all of New York City, for the Acropolis.

CAMPBELL, District Judge. This case comes before me on the hearing of the exceptions to the report of the commissioner as to the penalty allowed for nonpayment of seamen's wages. The exception as to the allowance of the master's claim is reserved, to be brought on for hearing on further notice.

The commissioner to whom it was referred to ascertain the amount due the libelants who filed libels for seamen's wages against the steamship Acropolis, etc., has reported as follows:

"That the voyage of said vessel, being an American vessel, terminated on her arrival at the port of New York, on the 15th day of January, 1923, and that payment of the wages of said seamen by the owner or master having been neglected or refused for a period of ten days after the termination of said voyage, without sufficient cause being shown, the said seamen are entitled to the penalty prescribed by section 4529 of the Revised Statutes of the United States, and therefore such claims for penalty for ten days should be allowed."

The commissioner then allowed $4,044.44 for such penalty. To such allowance of penalty objections have been filed.

Section 4529 of the Revised Statutes (Comp. St. § 8320) provides as follows:

"The master or owner of any vessel making coasting voyages shall pay to every seaman his wages within two days after the termination of the agreement under which he was shipped, or at the time such seaman is discharged, whichever first happens; and in case of vessels making foreign voyages, or from a port on the Atlantic to a port on the Pacific, or vice versa, within twenty-four hours after the cargo has been discharged, or within four days after the seaman has been discharged, whichever first happens; and in all cases the seaman shall be entitled to be paid at the time of his discharge on account of wages a sum equal to one-third part of the balance due him. Every master or owner who refuses or neglects to make payment in the manner hereinbefore mentioned without sufficient cause shall pay to the seaman a sum equal to two days' pay for each and every day during which payment is delayed beyond the respective periods, which sum shall be recoverable as wages in any claim made before the court; but this section shall not apply to masters or owners of any vessel the seamen of which are entitled to share in the profits of the cruise or voyage."

It thus appears that the intent of the statute is to punish the refusal or neglect of the master or owner, and is personal to them; therefore subsequent lienors should not have the fund to which they must look for payment depleted to pay a penalty which, if even properly allowable, should be paid by the master or owner. There was no neglect or refusal on the part of the master or owner without sufficient cause, for the reason that even lack of funds has been held to be sufficient cause to prevent the application of the penalty. The Gen. McPherson (D. C.) 100 F. 860; The Wenonah, 29 Fed. Cas. 697, No. 17,412. And surely a more sufficient cause for nonpayment existed by reason of the fact that a petition in bankruptcy was filed against the owner and a receiver appointed. Therefore it was unable to use any of the funds for the purpose of paying such wages.

I therefore sustain the exception as to so much of the commissioner's report as allows the sum of $4,044.44 for 10 days' penalty to the seamen for nonpayment of their wages.