## BUCKLEY v. OCEANIC S. S. CO.

(Circuit Court of Appeals, Ninth Circuit. May 18, 1925. Rehearing Denied June 22, 1925.)

No. 4369.

1. **Limitation of actions ⊂⇒28(1)—Seamen ⊂⇒ 33—Seaman's suit for double wages is for wages and not for penalty, and must be brought within two-year period of limitation.**

Double wages recoverable by seaman, under Rev. St. § 4529 (Comp. St. § 8320), during wrongful delay in payment of wages due, are considered as wages and not as penalty, and claim therefor in law court *held* governed by two-year statute of limitation (Code Civ. Proc. Cal. § 339), rather than by Rev. St. § 1047 (Comp. St. § 1712), permitting suits to recover penalty to be commenced within five years after accrual.

2. **Seamen ⊂⇒33—Seaman suing in law court for wages is bound to conform to statute which by lex fori regulates means to enforce right.**

Seaman, availing himself of right under Admiralty Act to bring action in law court for wages claimed, is bound to conform to statute which by the lex fori regulates the means to enforce the right.

3. **Seamen ⊂⇒7—Seaman, who shipped under written articles as steward's helper, held not shipped in violation of statute, though he served as able seaman.**

Seaman, who shipped as steward's helper at rate of 25 cents per month and signed shipping articles to that effect, *held* not shipped in violation of Rev. St. § 4511, as amended Act March 3, 1897 (Comp. St. § 8300), and section 4516 as amended by Act Dec. 21, 1898, and Act March 4, 1915 (Comp. St. § 8306), requiring master to make agreement in writing with every seaman whom he carries as one of crew, though he actually served as able seaman rather than as steward's helper.

4. **Seamen ⊂⇒17—Letter given by first officer held but recommendation, and not admission of liability for able seaman's pay.**

Where seaman, who shipped as steward's helper, actually served as able seaman, and on discharge was given letter by first officer to shipping commissioner stating that he had been so employed and had performed his duties satisfactorily, *held*, letter only amounted to recommendation of plaintiff as seaman, and was not construable as acknowledgment in writing of liability for able seaman's pay.

In Error to the District Court of the United States for the Southern Division of the Northern District of California; John S. Partridge, Judge.

Action by George A. Buckley against the Oceanic Steamship Company. Judgment for defendant, and plaintiff brings error. Affirmed.

This action, commenced on July 16, 1923, was for seaman's wages, and doubles wages. Sections 8314 and 8320, U. S. Comp. St.

5 F.(2d)—35

Plaintiff set forth that on May 29, 1921, he signed shipping articles agreeing to serve the defendant on the ship Ventura on a voyage from Sidney, Australia, to San Francisco, Cal., as a steward's helper at the rate of 25 cents per month; that after signing the articles he was ordered to do the duties of an able seaman without any new agreement being made in writing, and that he continued as an able seaman until the ship arrived at San Francisco; that when the ship arrived in San Francisco, plaintiff had served as an able seaman for 21 days; that in order to get his wages the first officer gave him a letter to the shipping commissioner, stating that he had been employed on deck as an able seaman and had performed his duties satisfactorily; that he went to the commissioner to obtain his discharge and to receive his money, and signed a release in full expecting to get the money, but that he was paid only 17 cents, as a steward's helper, and was refused any further payment. He asks for general relief and recovery of not less than $100 per month from June 27, 1921, to date of trial. Demurrer to the complaint was sustained, and judgment entered for the defendant. The District Court held that as the action was on the law side of the court, the state statute of limitations (Cal. Code Cr. Proc. § 339) was applicable.

The statute cited provides that an action upon a contract or obligation not founded upon an instrument in writing (other than that mentioned in subdivision 2, § 337, of the Code) must be commenced within two years.

S. T. Hogevoll, of San Francisco, Cal., for plaintiff in error.

Irving H. Frank and Nathan H. Frank, both of San Francisco, Cal., for defendant in error.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

HUNT, Circuit Judge (after stating the facts as above). Plaintiff in error contends that in suing for two days' pay for each day's delay in payment of wages claimed to be due to him as an able seaman (section 4529, Rev. St. [Comp. St. § 8320]) his action is for a penalty, and therefore governed by section 1047, Revised Statutes (Comp. St. § 1712), which provides that no suit for any penalty accruing under the laws of the United States shall be maintained except where otherwise specially provided, unless the same is commenced within five years from the time when the penalty accrued.

[1] Section 4529 of the Revised Statutes provides: "* * * Every master or owner who refuses or neglects to make payment in the manner hereinbefore mentioned without sufficient cause shall pay to the seaman a sum equal to two days' pay for each and every day during which payment is delayed beyond the respective periods, which sum shall be recoverable as wages in any claim made before the court. * * * *" The nature of that statute (section 4529), whether it is remedial or penal, has been considered by this and other courts, which have held that sums recoverable under its provisions are treated as wages—compensation to seamen, rather than punishment of the master. Gerber v. Spencer (C. C. A.) 278 F. 886; Cox v. Lykes Brothers, 237 N. Y. 376, 143 N. E. 226.

[2] Plaintiff, having availed himself of the right given by the Admiralty Act to bring his action in the law court, is bound to conform to the statutes which by the lex fori regulate the means to enforce the right. Michigan Ins. Bank v. Eldred, 130 U. S. 693, 9 S. Ct. 690, 32 L. Ed. 1080; Bonam v. Southern Menhaden Corporation (D. C.) 284 F. 360; McGrath v. Panama R. Co. (C. C. A.) 298 F. 303.

[3] It is said that plaintiff below was shipped in violation of sections 8300, Compiled Statutes (R. S. § 4511, as amended by Act of March 3, 1897), and 8306 (R. S. § 4516, as amended by Act of December 21, 1898, and Act of March 4, 1915). Section 8300 requires a master, before proceeding on a voyage, to make an agreement in writing or print with every seaman whom he carries as one of the crew, which shall contain, among other things, number and description of the crew, specifying their respective employments, the capacity in which each seaman is to serve, and the amount of wages each seaman is to receive. Section 8306 provides that in case of desertion or casualty resulting in the loss of seamen, the master must ship, if obtainable, a number equal to the number of those of whose services he has been deprived, who must be of the same or higher grade or rating with those whose places they fill. But as the plaintiff Buckley was employed as a steward's helper, by section 8392 of the Compiled Statutes he is deemed and taken to be a seaman, and therefore he shows by his own pleading that the statutes cited (sections 8300 and 8306) were complied with when, on May 29, 1921, he signed the shipping articles. We see no reason and find no authority for holding that when his position was changed from that of seaman to an able seaman, it was required that he sign again.

[4] Inasmuch as the claim for the two days' pay under section 4529, supra, is for extra wages as incidental to the wages proper, it stands upon no different basis than does the claim for wages proper. The letter of the first officer can only be regarded as a recommendation of plaintiff as a seaman. By no possibility can it be held to be an acknowledgment of the debt in writing.

We are constrained to decide that the remedy plaintiff seeks is barred by the statute of limitations.

The judgment is affirmed.