## FELDMAN v. AMERICAN PALESTINE LINE, Inc.

## THE PRESIDENT ARTHUR.

District Court, S. D. New York. March 29, 1926.

1. Maritime liens ⊛4—No maritime lien can arise against vessel after her arrest, unless arrest is colorable.

After vessel has been arrested, unless arrest is colorable, no maritime lien can arise against her, and neither marshal nor owner or master can create such a lien.

2. Seamen ⊛27(9)—Extra pay and penalties for delay in paying seamen's wages are recoverable as wages, and rank with wages as prior lien (46 USCA §§ 594, 596).

Though penalties under Rev. St. § 4529 (46 USCA § 596; Comp. St. § 8320), for nonpayment of seamen's wages within time specified, accrue de die in diem so long as payment is withheld without sufficient cause, such penalties and extra pay allowed under section 4527 (46 USCA § 594; Comp. St. § 8318) are incidents to wages proper, are recoverable as wages, and rank with wages as prior lien.

3. Seamen ⊛18—Appointment of equity receiver held "sufficient cause" for nonpayment of seamen's wages to escape penalty (46 USCA § 596).

The appointment of a receiver in equity of the assets of the owner of a vessel, and seizure of vessel by marshal before default in payment of seamen's wages, is "sufficient cause" for nonpayment of seamen's wages, within time required by Rev. St. § 4529 (46 USCA § 596; Comp. St. § 8320), to prevent imposition of penalty.

In Equity. Suit by Morrison J. Feldman against the American Palestine Line, Inc.,

and libel in admiralty by Pietro Basto and others against the steamship President Arthur for seamen's wages. On exceptions to report of commissioner. Exceptions sustained in part, and in part overruled.

See, also, 25 F.(2d) 999.

THACHER, District Judge. This case is heard upon exceptions to the report of the commissioner, to whom it was referred to ascertain the sums due, if any, to the libelants on account of the nonpayment to them of wages earned as members of the crew of the steamship President Arthur. In addition to the sums allowed for wages actually earned, less proper deductions, the commissioner has allowed one month's additional pay under section 4527, R. S. (46 USCA § 594; Comp. St. § 8318), repatriation costs, and penalties under section 4529, R. S. (46 USCA § 596; Comp. St. § 8320). The allowances for wages earned prior to discharge upon arrest of the vessel, and for one month's additional pay under section 4527, R. S., plus repatriation expenses, were proper, and nothing need be added to the report of the commissioner.

This leaves for consideration only the allowance of penalties under section 4529, R. S. All of the libelants to whom such allowances have been made signed shipping articles before the American consul at Naples, Italy, on or about August 28, 1925, for a voyage from Naples to New York and return to Naples, Italy, for discharge, at monthly wages of $60 per month. Prior to the arrival of the vessel at New York on September 15, 1925, a receiver in equity of all the assets of the American Palestine Line was appointed by this court. The receiver took possession of the ship upon her arrival at quarantine. On the following day the vessel was attached by the marshal under process of this court issued upon the libel of Carl I. Dingfelder and Benjamin Balish. Many other libels have since been filed and process issued against the vessel, which was sold on December 21, 1925, and the proceeds of such sale deposited in the registry of the court.

[1, 2] It is well settled that after a vessel has been arrested, unless the arrest is colorable, no maritime lien can arise against her. The marshal cannot create such a lien, and obviously her owner or master cannot. The Poznan (C. C. A.) 9 F.(2d) 838. Penalties incurred under section 4529, R. S., accrue de die in diem so long as payment is withheld "without sufficient cause," and there is force in the argument that there can be no maritime lien for penalties incurred after arrest of the vessel. But the law is settled by au-

thorities cited in the commissioner's report, which hold that extra pay allowed under sections 4527 and 4529, R. S., is an incident to wages proper, is recoverable as wages, and ranks with wages as a prior lien. The Chas. L. Baylis (D. C.) 25 F. 862.

[3] The question remains whether there was "sufficient cause" to excuse a failure to pay as provided in section 4529, R. S. In The Acropolis (D. C.) 8 F.(2d) 110, Judge Campbell held that the appointment of a receiver in bankruptcy proceedings against the owners was sufficient cause, and the mere lack of funds was held sufficient cause in The Gen. McPherson (D. C.) 100 F. 860, and in The Wenonah, 29 Fed. Cas. No. 17412. The appointment of a receiver in equity of the assets of the owner and the seizure of the vessel by the marshal before default in the payment of wages is claimed in this case to be "sufficient cause," within the meaning of the statute.

Since upon the appointment of a receiver the master and the owner were deprived of all control over the assets of the owner, which were thereupon placed in custodia legis, it cannot be said that there was not sufficient cause for the failure to pay the wages under section 4529. Reliance is placed upon The Great Canton (D. C.) 299 F. 953, but in that case the decision in The Acropolis, supra, was recognized, and the recovery of penalties under section 4529 was justified, upon the ground that there was nothing before the court to justify a finding that the owner of the vessel seized was without funds. In the instant case all of the assets of the owner were within the custody of the court, and quite as clearly beyond the control of the owner and the master as they were in The Acropolis, supra.

The exceptions to the allowance of penalties under section 4529, R. S., are accordingly sustained, and all other exceptions are overruled. Settle decree on notice.