**SWIFT & CO. v. WILKERSON.**

No. 10050.

Circuit Court of Appeals, Fifth Circuit.

Dec. 10, 1941.

Rehearing Denied Jan. 12, 1942.

James E. Henderson, of Dallas, Tex., for appellant.

William Harrison Shook and John Louis Shook, both of Dallas, Tex., for appellee.

Before HUTCHESON and McCORD, Circuit Judges, and DAWKINS, District Judge.

McCORD, Circuit Judge.

Swift & Company has appealed from a judgment awarding W. O. Wilkerson overtime compensation, liquidated damages, and attorney's fees under the Fair Labor Standards Act of 1938, 29 U.S.C.A. §§ 201–219.

The record shows that Swift & Company was engaged in the packing and selling of meats and meat products, and that it maintained a place of business in Dallas, Texas, where it received and stored its products and sold them to customers in Texas. Wilkerson was employed as cashier at the company's Dallas branch. His duties consisted of taking in money on all cash transactions; in checking in drivers making deliveries to the local retail trade; in checking in salesmen calling on the local trade; and in "verifying extensions on some tickets that went out on the noon delivery; making up hotel bills, and doing other odd jobs that came up at different times in the office." It was further shown that the sales and deliveries made from appellant's Dallas branch were made to the Texas trade with the exception of a few sales made at the plant to a man from Oklahoma, and the possible shipment of two cars of dry salt to the A. & P. Company; that Wilkerson did not handle any of the interstate shipments; and that his entire service to the company consisted of work touching intrastate sales and deliveries. There is no dispute as to the number of hours worked, and the amount of pay received by Wilkerson during the period in dispute.

Swift & Company received more than fifty per cent of its products from without the State of Texas, and it is admitted that it was engaged in commerce and the production of goods for commerce. Appellant contends, however, that the business of its local branch in Dallas was purely intrastate in character; that Wilkerson was wholly engaged in duties affecting the local distribution of meats and meat products; and that he was, therefore, not "engaged in commerce" within the meaning of the provisions of the Fair Labor Standards Act providing for minimum wages, maximum hours, and overtime compensation.

In the case of Jax Beer Company v. Redfern, etc., 124 F.2d 172, decided today, we had occasion to point out that the critical words of Sections 6(a) and 7(a) of the Fair Labor Standards Act are "engaged in commerce or in the production of goods for commerce", and that the application of the minimum wage and maximum hours

provisions of these sections is dependent upon the nature of the work performed by the particular employee, and not upon the fact that the business of the employer may in some manner "affect commerce". What was said in the Jax case on this point is fully applicable here. Cf. Jewel Tea Co. v. Williams, 10 Cir., 118 F.2d 202; Klotz v. Ippolito, D.C., 40 F.Supp. 422; Fleming v. Arsenal Bldg. Corp., D.C., 38 F.Supp. 207.

Wilkerson's work was entirely in intrastate commerce, and the contention that he was engaged in interstate commerce is without support in the record

The judgment is reversed.