**DIVINE v. LEVY et al.**

Civ. A. No. 365.

District Court, W. D. Louisiana, Shreveport Division.

Jan. 29, 1942.

See, also, D.C., 36 F.Supp. 55.

LeRoy Smallenberger, Jr., of Shreveport, La., for plaintiff.

Elias Goldstein and Edward S. Klein, both of Shreveport, La., for defendants.

PORTERIE, District Judge.

There is no cause for the court to change or modify the second opinion rendered, and found at 39 F.Supp. 44.

On Merits

Findings of Fact (a) and Conclusions of Law (b).

(a) Wages earned prior to September 21, 1939, were earned more than one year before the filing date of the suit of plaintiff.

(b) Article 3534 of the Civil Code of Louisiana applies and the wages (overtime included) earned prior to September 21, 1939, are barred by limitation.

(a) The language taken from Section 16(b) of the Act, 29 U.S.C.A. § 216(b), "and in an additional equal amount as liquidated damages" means "damages" and does not mean a "penalty," though the Act is headed at Section 16 as "Penalties."

(b) Article 3536 of the Civil Code of Louisiana, which includes in the classification of actions prescribed by one year those resulting from offenses or quasi offenses, applies, and the plaintiff is denied, also, the "additional equal amount." Cf. Articles 2293 and 2294 of the Civil Code of Louisiana. See Knoop v. Blaffer, 39 La.Ann. 23, 6 So. 9; Rosenberg & Sons v. Waguespack, 167 La. 451, 119 So. 423; Collins v. Hancock, No. 82343, First Judicial District Court, Parish of Caddo; Terner v. Glickstein & Terner, 283 N.Y. 299, 28 N.E.2d 846; City of New Orleans v. Southern Bank, 31 La.Ann. 560; see, also, Note 2, 28 U.S.C.A. following Section 791. Cf. Dawkins v. Mitchell et al., 149 La. 1038, 90 So. 396, and Smalley v. Bernstein, 165 La. 1, 115 So. 347.

We borrow the following quotation from an article entitled "Employee Remedy Un-

der the FLSA" by George W. Crockett, Jr., Associate Attorney, United States Department of Labor, dated September 15, 1941: "Applicable Statute of Limitations. No time is specified in the act within which actions to recover back wages must be instituted. While U.S.C., Title 28, Sec. 791 [28 U.S.C.A. § 791], provides a limitation of five years within which a suit or prosecution for 'any penalty or forfeiture' accruing under the laws of the United States must be commenced, as we have seen, an action for back wages and the additional liability provided in section 16(b) of the act is not such a suit. The Conformity Act (U.S.C., Title 28, § 725 [28 U.S.C.A. § 725]) requires that, in the absence of a federal statutory provision to the contrary, the laws of the several states shall be regarded as rules of decision in trials at common law in the courts of the United States in cases where they apply. It would seem then that under this provision the applicable state statute of limitations will govern in all actions instituted under section 16(b) of the act, Fair Labor Standards Act of 1938, whether in state or federal courts. Also, the decision of the Supreme Court in Erie R. Co. v. Tompkins, 304 U.S. 64 [58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487], indicates that such corollary points as the time when the cause of action accrues, etc., will be governed by the state courts' decisions under such applicable statutes of limitations. See, also, Moore v. Illinois Cent. R. Co. [312 U.S. 630] 61 S.Ct. 754 [85 L.Ed. 1089] (8LRR 166) (March 31, 1941)."

■ (b) By analogy, attorney's fees under the Act, which could be allowed for the part of plaintiff's claim barred by limitation, are denied.

(a) From all the evidence, we find as a fact that plaintiff worked on an average, for the period allowed, eight hours per day as a pumper for the defendants.

(a) We find that the wages paid by the defendants during the period allowed are $61 per month to December 30, 1939, and $71 per month for the rest of the time of employment.

In arriving at the above average daily time of eight hours for the total period of employment less the portion barred by limitation, and in arriving at the monthly rate of wages as above fixed, the Court is giving and has given allowance for and consideration to the extra work done by plaintiff and paid for by the defendants as well as to the extra work done by the plaintiff for Mr. Hall and paid for by Mr. Hall ($55.15 prescribed plus $17.47 unprescribed). In other words, those two additional phases of employment are likewise considered and settled by this judgment. Cf. Woods v. Wilkerson, D.C., 40 F.Supp. 131.

■ (b) The attorney's fees allowed herein to the attorney for plaintiff are fixed at $125.

(a) We find that the defendant partnership is an ordinary partnership composed of August Goldstein, Ben Levy, Mrs. Caro Weil Levy, Mrs. Gladys Weil Dreifus, Jay Weil and Harry Weil.

■ (b) The ordinary partners are not bound in solido, but only for proportionate liability to the plaintiff. Articles 2824, 2825, 2826, 2872, 2873, Civil Code of Louisiana. See Green v. Hawkins & Antoon, La. App., 144 So. 271; Langston v. Red Iron Drilling Co., D.C., 38 F.Supp. 136.

■ (b) Ben Levy, one of the defendants, is discharged through his bankruptcy.

(b) The two opposing attorneys are requested to apply the above facts as to hours of work and rate of wages under the Fair Labor Standards Act, which Act the Court says is the law applicable to this case, and then mutually prepare the proper judgment for the Court's signature.

The judgment is to be for the sum of actual wages and overtime wages, less amount actually paid; the then remainder unpaid and due by the defendants is to be doubled, and to that sum the attorney's fees are to be added; and thus the final sum is ascertained against the six named defendants, each liable for his or her virile share, with the exception of the omission of the share against Ben Levy.