## LOGGINS et al. v. STEEL CONST. CO.
### No. 10229.

Circuit Court of Appeals, Fifth Circuit.
June 23, 1942.

Fred G. Benton, of Baton Rouge, La., for appellants.

H. Payne Breazeale, of Baton Rouge, La., and Donald W. Strickland, of Birmingham, Ala., for appellee.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

HUTCHESON, Circuit Judge.

The suit, under Section 16(b) of the Fair Labor Standards Act, 29 U.S.C.A. § 216(b),[1] was for unpaid overtime compensation for the period from October 24, 1938, to July 8, 1939, and an equal amount as liquidated damages. Brought January 23, 1941, there was a motion to dismiss and an order dismissing the action on the ground that the action not having been brought within the year fixed by Article 3534, Louisiana Civil Code, for suits for wages,[2] was prescribed. This appeal tests the correctness of that order. Urging upon us that the action was not for wages and within the prescription of one year of Article 3534, but was in quasi contract and within the prescription of 10 years of Article 3544, appellants insist that the order must be reversed.

Appellee, insisting that the district judge was right in dismissing the suit as prescribed in one year, cites decisions of federal district courts[3] in Texas, holding that such a suit was for wages and was barred within the prescriptive period provided for such suits, and decisions of federal and state district courts and of a court of appeal of Louisiana,[4] holding that such a

---

[1] "(b) Any employer who violates the provisions of Section 6 or Section 7 of this Act [section 206 or section 207 of this title] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. Action to recover such liability may be maintained in any court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated, or such employee or employees may designate an agent or representative to maintain such action for and in behalf of all employees similarly situated. The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

[2] "Of the Prescription of One Year.

"3534. The following actions are prescribed for one year * * * That of workmen, laborers and servants, for the payment of their wages.

[3] Klotz v. Ippolito, D.C.S.D.Tex., 40 F.Supp. 422; Wilkerson v. Swift & Co., D.C.N.D.Tex., No. 60518 Commerce Clearing House, Vol. 4, Labor Cases (oral) reversed 124 F.2d 176; Redfern v. Jax Beer, No. 60402, Commerce Clearing House, Vol. 4. Labor Cases, N.D., Texas, both reversed, on other grounds 5 Cir., 124 F.2d 172; Duncan v. Montgomery, Ward & Company, Inc., D.C.S.D.Tex., 42 F.Supp. 879; Owin v. Liquid Carbonic Corporation, D.C.S.D.Tex., 42 F.Supp. 774.

[4] Divine v. Levy, D.C.W.D.La., 45 F. Supp. 49; Greig v. Tide Water Association Oil Company, Civil Action No. 162; Chiarello v. Rickert Rice Mills, Civil Action No. 508; Davis, et al. v. Mengel Company, Civil Action No. 126, E.D., Louisiana; Collins v. Hancock, No. 60,-712, Commerce Clearing House, Caddo Parish, First District Court, Louisiana;

suit was for wages and by Article 3534, was prescribed in one year. In addition, it urges that if, as appellant contends, the suit was not for wages but for breach of a statutory duty, it was not a suit on a quasi contract within the prescription of 10 years provided in Article 3544, but was a suit "for damages * * * resulting from offenses or quasi offenses" and was prescribed under Article 3536.

We agree with the appellee and the district judge that the suit is not one in quasi contract but is a suit of workmen, laborers and servants for the payment of their wages and is prescribed under Article 3534. The federal statute which fixes the liability and confers the right to sue for the recovery sought here, makes it quite clear, we think, that this is so. It provides that any employer who violates the provisions of Section 6 or 7 of this Act (the provisions for minimum wages and overtime pay) shall be liable to the employee or employees affected, in the amount of their unpaid minimum wages or their unpaid overtime compensation as the case may be, and in an additional equal amount as liquidated damages. Nothing in this provision supports the view that the liability arises out of a quasi contract. On the contrary it is quite clear that the liability is for the wages due employees under the working agreements which the federal statutes require employer and employee to make. The fact that the recovery includes double the amount for liquidated damages does not at all change the character of the recovery as wages, it merely increases the amount. In Overnight Motor Transp. Company v. Missel, 62 S.Ct. 1216, 1223, 86 L.Ed. ——, decided June 8, the court said: "The wages were specified for him by the statute, and he was no more at fault than the employer. The liquidated damages for failure to pay the minimum wages under sections 6(a) and 7(a) are compensation, not a penalty or punishment by the Government.[5] Cf. Huntington v. Attrill, 146 U.S. 657, 667, 668, 674, 681, 13 S.Ct. 224, 227, 228, 230, 233, 36 L.Ed. 1123; Cox v. Lykes Bros., 237 N.Y. 376, 143 N.E. 226." The same thing has been held in respect of liens and limitations as to the provision for double wages in another Federal statute[6] having a purpose similar to the one under review here, to insure the payment of their full wages to employees without undue delay.

But if we could agree with appellant that the suit is not for wages we could not at all agree that it is a suit in quasi contract and within the 10 year prescription of Article 3544. We would be bound to hold that if not a suit for wages it was in tort for damages for a crime or a quasi crime, that is, for the violation of the positive provisions of Section 7 and therefore within the one year prescription of Article 3536. In O'Sullivan v. Felix, 233 U.S. 318, 34 S.Ct. 596, 58 L.Ed. 980, the Louisiana one year offense limitation was applied to a suit for damages under the Civil Rights Act. In McCaleb v. Fox Film Corp., 5 Cir., 299 F. 48, 50, this court applied Article 3536 to a claim for copyright infringement saying: "Under Louisiana law the word 'quasi-offenses' has the same meaning as the word 'torts'

---

Shannon v. Boh Bros. Const. Company, La.App. Parish of Orleans, 8 So.2d 542.

[5] "The Government has collected the cases under the Act upon the point: 'One line of cases holds that the "double damages" do not constitute a penalty incurred under the laws of the United States within the meaning of Sections 24 (9) and 256 of the Judicial Code * * * 28 U.S.C.A. §§ 41(9), 371 * * * the other line of cases holding Section 16 (b) to be remedial rather than penal involves determination of the applicable statute of limitations.'"

[6] Revised Statute 4529, Sec. 596, Title 46 U.S.C.A., Gerber v. Spencer, 9 Cir., 278 F. 886; The Trader, D.C., 17 F.2d 623; Buckley v. Oceanic Steamship Co., 9 Cir., 5 F.2d 545; Feldman v. American Palestine Line, D.C., 25 F.2d 1002; Collie v. Fergusson, 281 U.S. 52, 54, 50 S.Ct. 189, 74 L.Ed. 696.

It is true that it was held in McCrea v. United States, 2 Cir., 70 F.2d 632, at page 634, citing Missouri Pacific R. Co. v. Ault, 256 U.S. 554, 41 S.Ct. 593, 65 L.Ed. 1087, that Art. 4529, Revised Statutes, has the dual purpose of compensation and punishment, and that because it has a penal co-notation, the United States could not be held as having agreed to pay it. But against this holding, are the holdings cited in Note 5, the holding of the New York Court of Appeals in Cox v. Lykes Bros., 237 N.Y. 376, 143 N.E. 226, that the action is not for a penalty, the fact that in affirming the judgment on another ground, the Supreme Court in McCrea v. United States, 294 U.S. 23, 55 S.Ct. 291, 79 L.Ed. 735, expressly declined to decide this point, and finally the flat decision of the point in Overnight Motor Transp. Co. v. Missel, Note 5, supra.

has in common-law jurisdictions. The infringement of a copyright is a quasi-offense or tort, [and is barred under Article 3536]."

The judgment was right. It is affirmed.

SIBLEY, Circuit Judge, (concurring).

It is doubtful whether plaintiffs in building a new bridge were engaged in interstate commerce so as to be under the wage and hour provisions of the Fair Labor Standards Act. Compare Overstreet et al. v. North Shore Corporation, 5 Cir., 128 F.2d 450, and Fleming, Adm'r, v. Jacksonville Paper Co., 5 Cir., 128 F.2d 395. The dismissal, however, was put solely on the ground of limitation, and that ground alone is properly before us.

It is important to note that no violation of Section 6 as to minimum wages is involved. The plaintiffs were paid about double the minimum wage for their work. Eighteen months after the job was complete, apparently for the first time it was thought the employment was under the Fair Labor Standards Act, and demand was made, followed by suit, for overtime compensation under Section 7. The two sections are quite different. Section 6 is affirmative in form, requiring that "every employer shall pay to each of his employees * * * wages at the following rates", so that the statute amends every contract for labor which falls under it so as to provide for those rates; and what is due is wages. Section 7 is negative and prohibitory in form, "No employer shall * * * employ any of his employees" for longer hours than specified "unless such employee receives compensation" for the excess time at one and a half times the regular rate. It annuls as illegal contracts to the contrary by forbidding their execution unless a "compensation" is made at a high rate. The high rate is not called wages, but compensation. The same distinction appears in Section 16(b), giving the federal rights of action, where what is due under Section 6 is again referred to as "minimum wages" and what ought to have been paid to escape penalization under Section 7 is again called "overtime compensation". The doubling of each is called "liquidated damages". I am of opinion that an action for unpaid minimum wages is one for wages, and that the damages by doubling them are incidental, as interest would be; so the Louisiana Civil Code, Art. 3534, which deals alone with "actions * * * of workmen * * * for the payment of their wages", would be applicable. But where, as here, the action is for "overtime compensation" and damages, due because a prohibitory statute has been violated, it is not one for wages, but for a quasi offense, or tort,[1] under the Louisiana Civil Code, Art. 3536. Both articles happen to name one year as the limitation, but it may be otherwise in other states. It is further important to observe the distinction the federal statute makes between what is wages and what is not, for questions of laborer's liens, and exemption of wages from garnishment are sure to arise.

A limitation of one year is not unusually short. It is the very period named by Congress in the railroad overtime statute, 45 U.S.C.A. § 63.

The federal statute limiting suits for penalties, 28 U.S.C.A. § 791, does not apply, for private compensation rather than public punishment is the aim here, as in the case of triple damages under the Antitrust Act, 15 U.S.C.A. §§ 1–7, 15 note, Chattanooga Foundry & Pipe Works v. Atlanta, 203 U. S. 390, 27 S.Ct. 65, 51 L.Ed. 241, or the artificially fixed damages under the Copyright Act, 17 U.S.C.A. § 1 et seq., Brady v. Daly, 175 U.S. 148, 20 S.Ct. 62, 44 L.Ed. 109, or reparation under the Interstate Commerce Act, 49 U.S.C.A. § 1 et seq., Meeker v. Lehigh, 236 U.S. 412, 35 S.Ct. 328, 59 L.Ed. 644, Ann.Cas.1916B, 691.

We must look to the State statutes for the applicable limitation, that here applying being the prescription of actions for quasi offenses. I concur in the affirmance, but think it ought to be placed squarely on that statute.

---

[1] The prevention of overtime work is an important purpose of Section 7, though not positively prohibited. Overnight Motor Transportation Co. v. Missell, 62 S. Ct. 1216, 86 L.Ed. ——.