**ROBERTS v. BARNES PACKING CO.**

**No. 450.**

District Court, W. D. Louisiana, Lake Charles Division.

June 30, 1943.

Robert B. Stone, of Lake Charles, La., for plaintiff.

A. B. Cavanaugh for Robt. L. Knox, both of Lake Charles, La., for defendant.

DAWKINS, District Judge.

After due consideration of the motion to dismiss for the reason, as alleged by defendant, that the petition does not state facts entitling plaintiff to relief, I am of the view that the same should be overruled.

This case in its alleged facts is more nearly like those of Fleming v. Alterman, D.C., 38 F.Supp. 94, and Fleming v. American Stores Co., D.C., 42 F.Supp. 511, than Jax Beer Co. v. Redfern, 5 Cir., 124 F.2d 172, and Swift & Co. v. Wilkerson, 5 Cir., 124 F.2d 176.

The present petition alleges the nature of the duties being performed was as follows: "Plaintiff's petition discloses that he was employed as a night watchman and kitchen foreman in the wholesale meat and packing plant of defendant; that, in addition to his duties of night watchman, part of his duties consisted of the performing of actual manual labor in connection with the unloading, receipting for and placing into the refrigerators of defendant, the meats, packing house products, sausage, butter, chile, etc., received by defendant by truckline from Houston, Texas, and other Texas points, to its plant and warehouse in Lake Charles, Louisiana, and the assistance given by him in the loading of said interstate shipments, some in the original packages, and some broken down and repacked in smaller packages on the local trucks of defendant to be distributed by

them to their customers in Louisiana. Plaintiff's duties further included the services rendered by him in the manufacture of chile and sausage meat into products sold by defendant and the loading of same onto trucks of defendant for delivery to its customers in Louisiana."

In other words, it is clearly alleged that part of the duties of petitioner was to receive, receipt for and unload goods shipped in to defendant's plant in this state from the state of Texas, thus consummating the interstate journey, just as in the two cases first above referred to; whereas, in the Jax Beer Co. and Swift & Co. cases, supra, there was no handling or performing of any service in the receiving and final consummation of the journey of the goods in interstate commerce. Redfern worked on a truck distributing beer from the warehouse of the Jax Beer Co. after it had been delivered and stored; while Wilkerson was the cashier in the packing house of Swift and Co. They neither performed any duty in interstate commerce nor in the production of goods for commerce. In the Jax Beer case the goods had already come to rest in the warehouse of that company and were simply distributed to local customers under sales and orders solicited in the course of local business. This suit being one under the Fair Labor Standards Act, Sec. 16, 52 Stat. 1069, 29 U.S.C.A. § 216, my opinion is that it alleges facts with respect to hours worked and wages paid which, if proven, would entitle the plaintiff to relief.

Proper decree should be presented.