## SMITH v. CONTINENTAL OIL CO.
### Civil Action No. 3863.

District Court, E. D. New York.

Jan. 30, 1945.

Philip G. Fitz, of New York City, for plaintiff.

Richard S. Holmes, of New York City, for defendant.

MOSCOWITZ, District Judge.

Plaintiff brings this action to recover unpaid overtime compensation for work alleged to have been performed between October 24, 1938 (the effective date of the Act), and May 31, 1941 (the time when his employment ceased), an additional equal amount as liquidated damages, and attorney's fees, pursuant to Section 16(b) of the Fair Labor Standards Act of 1938, Pub. Law 718, 75th Cong., 52 Stat. 1060, 29 U.S.C.A. § 201 et seq. § 216(b). The answer of the defendant asserts among other defenses that:

"X. The alleged cause of action for compensation for overtime work performed prior to May 18, 1941, arose outside of the State of New York, namely, in the State of Oklahoma, and originally accrued in favor of plaintiff, who during all the time that the alleged cause of action accrued, was a non-resident of the State of New York and a resident of the State of Oklahoma, and by Title 12, Section 95, Second Subdivision of the Oklahoma Statutes Annotated, the time for bringing an action upon such cause of action is limited to three years after the same had accrued, and this action was brought after the expiration of the time limited by such statute, and under Section 13 of the Civil Practice Act of the State of New York cannot now be maintained."

This case well illustrates the savings of time and labor which pre-trial authorized by Rule 16 of the Federal Rules of Civil Procedure 28 U.S.C.A. following section 723c, makes possible. All the material facts were embodied in a stipulation entered into at the pretrial conference, of which the relevant parts are as follows:

"1. That between October 24, 1938, and May 31, 1941, and for several years prior to the first date, plaintiff was a resident of the State of Oklahoma.

"2. That during said period, defendant was and still is a Delaware corporation engaged in interstate commerce in the oil business; that during said period and up to the present time, defendant was qualified

to do business in Oklahoma with a resident agent in Oklahoma upon whom process could be served.

"3. That during said period, defendant maintained, and still maintains, an office in Ponca City, Oklahoma, and that between October 24, 1938, and May 31, 1941, and for several years prior thereto, plaintiff was employed by defendant as an accountant in the Tax Division in its said Ponca City office; that plaintiff's salary was $400 a month and he was paid on the 26th day of each month for services rendered during that month; that plaintiff was paid by the Ponca City office; that all of his duties were performed in Ponca City, except a small amount of the accounting work which was performed in Fort Worth, Texas; that said work in Fort Worth, Texas was under the direction of the Ponca City office and was performed as part of plaintiff's employment by that office and he was paid therefor by defendant's said Ponca City office."

"5. That plaintiff's last pay day prior to May 18, 1941, was April 26, 1941.

"6. That plaintiff's employment by defendant ceased on May 31, 1941; * * *."

The only matter left for decision is the legal question of whether the action is barred by the Statute of Limitations.

The Fair Labor Standards Act does not itself specify any time within which the right of action it confers must be commenced, though jurisdiction is provided in both federal and state courts. This omission might well be remedied by the Congress in the interest of uniformity.[1] As it now stands, the Statute of Limitations of the state in which the cause of action arose will be applied. McClaine v. Rankin, 197 U.S. 154, 25 S.Ct. 410, 49 L.Ed. 702, 3 Ann.Cas. 500; Cunningham v. Weyerhauser Timber Co., D.C.1943, 52 F.Supp. 654; Reliance Storage & Inspection Co., Inc. v. Hubbard, D. C., 1943, 50 F.Supp. 1012.

A cause of action under the Act accrues to an employee when the employer becomes liable for payment of that which the Act requires; he is thus liable at the end of each regular pay period. Since plaintiff's compensation was at a monthly rate and he was paid on the 26th day of each month, it was upon this day each month that a cause of action accrued to him for the salary due for the month just passed, together with any unpaid overtime compensation and liquidated damages he became entitled to under the Fair Labor Standards Act. It did not, as plaintiff suggests, hang in abeyance until the employment ended or until the employee made demand for overtime pay. Klotz v. Ippolito, D.C., 1941, 40 F.Supp. 422; Divine v. Levy, D. C., 1942, 45 F.Supp. 49; Reliance Storage & Inspection Co., Inc., v. Hubbard, supra; see also Taylor v. Tulsa Tribune Co., 10 Cir., 1943, 136 F.2d 981.

Since all the work for the compensation of which the defendant became liable each month was performed in Oklahoma, the causes of action accrued there. The applicable Oklahoma Statute of Limitations appears in Title 12, Section 95 Second Subdivision of the Oklahoma Statutes Annotated, which reads as follows:

"Civil actions, other than for the recovery of real property, can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards: * * *

"Second. Within three years: An action upon a contract express or implied not in writing; an action upon a liability created by statute other than a forfeiture or penalty."

It is not necessary to determine whether an action pursuant to the Fair Labor Standards Act is one upon a contract or upon a liability created by statute, since the three year limitation would apply in either event. See Cunningham v. Weyerhauser Timber Co., supra, for an exhaustive consideration of this point. The right of action, even as to the equal amount in addition to the unpaid compensation, is clearly not a penalty. Overnight Motor Transportation Co., Inc., v. Missel, 316 U.S. 572, 62 S.Ct. 1216, 86 L.Ed. 1682.

The New York Statute of Limitations would be six years, Civil Practice

[1] It would appear that an employee may commence an action under the Act during a period ranging from one year to twelve years according to the state in which the cause of action arose. See Divine v. Levy, infra, 1 year; Swift & Co. v. Wilkerson, 5 Cir., 124 F.2d 176, 2 years; Abram v. San Joaquin Cotton Oil Co., 9 Cir., 46 F.Supp. 969, 3 years; Corcoran v. Nelson Towers Realty Corporation, Sup., 42 N.Y.S.2d 265, 6 years; Manhoff v. Thomson-Ellis-Hutton Co. (City Court, Md., 1943), 12 years.

Act, Section 48, Subd. 1 and 2. However the suit is brought by a person who was a non-resident at all the times when the causes of action accrued to him outside the state. Under these circumstances, this court is in any event bound by Section 13 of the Civil Practice Act of the State of New York to apply the shorter Oklahoma statute. Section 13 reads:

"Where a cause of action arises outside of this state, an action cannot be brought in a court of this state to enforce such cause of action after the expiration of the time limited by the laws either of this state or of the state or country where the cause of action arose, for bringing an action upon such cause of action, except that where the cause of action originally accrued in favor of a resident of this state, the time limited by the laws of this state shall apply."

The argument advanced by the plaintiff that his case should be held to be an exception to these well-defined rules because the defendant's legal department had originally misinterpreted the Fair Labor Standards Act and had notified plaintiff that he was an exempt employee under it is untenable. Such misinterpretation, if it be such, can avail defendant naught but neither does it confer any special rights upon plaintiff.

The fifth defense in the answer is a complete bar to this action to the extent of any recovery by plaintiff for compensation for overtime services rendered prior to April 26, 1941.