### SERMON v. SILAS MASON CO.

#### Civil Action No. 1860.

District Court, W. D. Louisiana, Shreveport Division.

Jan. 13, 1947.

Dimick & Hamilton, of Shreveport, for plaintiff.

Cook, Clark & Egan, of Shreveport, for defendant.

DAWKINS, District Judge.

Plaintiff sues for overtime in excess of forty hours per week alleged to have accrued while she was an employee of the defendant, in the operation of the ordnance plant of the Government located near the

town of Minden, Louisiana. The petition was filed May 16, 1946, and alleged that plaintiff "was in the employment of and working for defendant as a foreman for a period beginning prior to October 30, 1943, and extending subsequent to July 7, 1945." An itemized statement attached to the petition discloses that she began working for the defendant "10–30–43" and continued to "2–3–45" at the "rate of $1.25 per hour"; and that from "2–17–45" to "7–14–45" her compensation was "at the rate of $1.37½ per hour."

Defendant has filed a plea of prescription of one year under Louisiana Law (R. C.C. art. 3534), as against that part of the demand which, on a weekly basis, was more than one year past due when the suit was filed. This includes all the claim down to and including the week ending "5–12–45" (May 12, 1945, the suit having been filed May 16, 1946), and leaves only the last two items or weeks, during which it is claimed she worked eight hours each week in excess of the forty fixed by the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq., or a total of sixteen hours overtime at $1.37½ per hour, amounting to $22, and if recovery is had, it could not exceed double this sum or $44, and such attorney's fees as might be reasonable. She claims the sum of $750 as attorney's fees.

The article of the Code cited, reads:

"3534 * * * Actions by officers for fees and emoluments and by privilege holders and others.—The following actions are prescribed by one year:

"* * *.

"That of workmen, laborers, and servants, for the payment of their wages."

This provision of the Code has been construed both by the courts of this state and by this court and the Court of Appeals for this circuit as covering a demand such as that involved here; and I do not think it necessary to analyze or discuss these cases as they appear clearly to be in point. See Shannon v. Boh Bros. Construction Co., La.App., 8 So.2d 542; Divine v. Levy, D.C., 45 F.Supp. 49; Loggins v. Steel Corporation, 5 Cir., 129 F.2d 118.

The plea of prescription is therefore sustained to all parts of the demand other than for the last two weeks of the employment, ending June 23, and July 14, 1945, respectively.

Proper decree should be presented.