HAMITER, Justice.
 

 Plaintiff, a former employee of the defendant, instituted this suit to recover the sum of $6,493.40 under the provisions of Section
 
 16(b)
 
 of the Fair Labor Standards Act of 1938, 29 U.S.C.A. §§ 201 to 219, both inclusive, commonly known as the Federal Wage and Hour Law. The claim is itemized in the petition as unpaid wages of $2,746.70, liquidated damages of the same amount, and attorney’s fees of $1,000; and it covers a period, according to plaintiff’s allegations, beginning October 24, 1938 (the effective date of the Act) and ending June 1, 1941.
 

 Defendant filed a plea of prescription liberandi causa of one year directed at that part of the claim allegedly due from October 24, 1938 to February 24, 1941 (the stait was instituted February 24, 1942). The district court sustained the plea, thereby restricting the trial to the portion of employment embraced within the one year preceding the institution of the suit (February 24, 1941 to June 1, 1941) ; and on the merits there was judgment dismissing the action.
 

 
 *141
 
 Plaintiff appealed, and in this court, his counsel, to quote from their brief, state: “While this is an appeal from the trial Court’s Judgment upon the merits of that portion of plaintiff’s claim accruing between February 24, 1941, and June 1, 1941, its sole and only purpose is to test the correctness of the lower Court’s ruling on the plea of prescription which restricted the trial on the merits to that period.”
 

 Section 16(b) of the Federal Wage and Hour Law, 29 U.S.C.A. § 216(b), on which the action is predicated, recites: “Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation as the case may be, and in an additional equal amount as liquidated damages. Action to recover such liability may be maintained in any court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated, or such employee or employees may designate an agent or representative to maintain such action for and in behalf of all employees similarly situated. The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney’s fee to be paid by the defendant, and costs of the action.”
 

 Section 6 of the Act, referred to' above as Section 206, sets forth the minimum wage an employee shall receive where he is “engaged in commerce or in the production of goods for commerce”, and Section 7, referred to as Section 207, prescribes the maximum hours per week for such an employee, unless he “receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he. is employed.”
 

 As to the matter of prescription relative to those sections, plaintiff’s counsel, in their brief, observe: “The Federal Statute contains within itself no limitation restricting the time within which employees’ suits under Section 16(b) may be instituted. Counsel for plaintiff, therefore, recognize that, in the absence of any provision of the Act of Congress creating the liability, fixing a limitation of time for commencing actions to enforce it, the statute of limitations of the particular State is applicable.’ McClaine v. Rankin, 1905, 197 U.S. 154, 25 S. Ct. 410, 49 L.Ed. 702, 3 Ann. Cas. 500; Campbell v. Haverhill, 1894, 155 U.S. 610, 15 S.Ct. 271, 39 L.Ed. 280.”
 

 The claim of plaintiff is for a violation of the provisions of both Sections 6 and 7. The former section, it is to be noticed, employs the word “wages”, while the latter “compensation”; but, unquestionably, these words are used synonymously. That which each section has reference to is remuneration for the services rendered by the employee. Furthermore, the liquidated damages provided for in Section 16(b) is also wages or compensation; it is not a
 
 *142
 
 penalty or punishment. Overnight Motor Transportation Co. v. Missel, 316 U.S. 572, 62 S.Ct. 1216, 86 L.Ed. 1682; Brooklyn Savings Bank v. O’Neil, 324 U.S. 697, 65 S.Ct. 895, 89 L.Ed. 1296.
 

 Considering then that plaintiff’s claim is for wages (and his counsel conceded this to be true in oral argument), and further that the law of prescription obtaining in Louisiana is to be applied, it clearly appears that governing here is the following provision of R.C.C. Art. 3534: “The following actions are prescribed by one year:
 

 * * * * * *
 

 “That of workmen, laborers and servants, for the payment of their wages.”
 

 But it is the contention of plaintiff that this provision applies only to wages earned under a contract of employment, whereas the claim in the present action is for wages predicated on an obligation created by law to which the prescription of ten years is applicable. He maintains, to quote from the brief of his counsel, that: “The obligation upon which this suit rests resulted from a Law imposed upon the defendant and plaintiff alike by Congress. Our cause of action is based on the fact that the employer failed to carry out the duties imposed upon him by this statute. This is a suit to enforce that obligation set up by the Federal Government and not to collect wages due under any express agreement between the parties. * * *”
 

 Further, the argument is made that since the obligation is one imposed by law and results without an express agreement it is a quasi contract, within the contemplation of R.C.C.Arts. 2292, 2293 and 2294, and as such it is governed by R.C.C.Art. 3544 which provides: “In general, all personal actions, except those before enumerated, are prescribed by ten years.”
 

 In assuming the position thus described, plaintiff fails to consider that the obligation results not only from the Federal statute but also from the contract between the parties. Most essential is the agreement between the employer and the employee, for without it the statutory provisions would be ineffective, inappropriate. When such an agreement (the principal basis for the obligation) exists or comes into being the Federal Wage and Hour Law becomes a part of it, just as if its provisions are specifically included therein by the parties. As observed in Williston on Contracts, Revised Edition, Volume 3, Section 615, “ * * * existing laws form part of a contract and are incorporated in it.” In keeping with that observation, and analogous hereto, are the decisions in those cases dealing with the insurance contracts, certain provisions of which are inconsistent with legislative regulations. Therein, it has been held that the statutory provisions are to be considered a part of the policies. Thus, in Hart v. North British & Mercantile Ins. Co., 182 La. 551, 162 So 177, 181, this court commented: “The val
 
 *143
 
 ued policy statute must be regarded as part of the policy of insurance, and the amount written in the policy as liquidated damages agreed upon by the parties, and this is so, notwithstanding the policy is inconsistent therewith.”
 

 And in Stern v. New York Life Ins. Co., 186 La. 381, 172 So. 426, 428, we said:
 

 “It is immaterial, in our opinion, whether disability installments are payable by the year or by the month. Payment, under the terms of the policy cannot be deferred longer than thirty days from written notice and proof to the company of such sickness or accident, and any condition to the contrary inserted in the policy is declared by the act to be null and void and of no effect.
 

 “In other words, the provisions of Act No. 310 of 1910 are written into and became part of all policies in this state providing for payment of indemnities by life, health, and accident insurance companies.”
 

 Since the wages claimed in this suit grow out of and are based primarily on a contract of employment, the prescription of ten years, which governs quasi contracts (where no agreement exists), is not applicable; rather, the one year prescription of R.C.C.Art. 3534 must be applied.
 

 The same conclusion has been reached by other courts on considering the provisions of the Fair Labor Standards Act of 1938 in connection with the prescription laws of this state. Sermon v. Siles Mason Co., D.C., 69 F.Supp. 398; Divine v. Levy, D.C., 45 F.Supp. 49; Loggins v. Steel Construction Co., 5 Cir., 129 F.2d 118; Shannon v. Boh Bros. Construction Co., La. App., 8 So.2d 542.
 

 For the reasons assigned the judgment appealed from is affirmed.