**Morris M. HAYCHUCK,**

v.

**SOUTH ATLANTIC STEAMSHIP LINE, Inc.**

No. 15354.

United States District Court, E. D. Pennsylvania.

June 21, 1954.

Stark & Goldstein, Philadelphia, Pa., for plaintiff.

Krusen, Evans & Shaw, Philadelphia, Pa., for defendant.

WELSH, District Judge.

Plaintiff brought this action on June 8, 1953 to recover damages allegedly caused by the negligence and unseaworthiness of the defendant. On April 7, 1954, plaintiff filed the present motion for leave to amend the complaint so as to include therein a claim for earned wages, from July 5, 1953, to July 11, 1953 plus penalties for the withholding of said earned wages. R.S. § 4529, 46 U.S.C.A. § 596.

1. Defendant is opposed to the motion because the claim for penalties on account of withheld earned wages is barred by laches since the alleged accident and injuries occurred on June 29, 1952 and the claim for earned wages and penalties was filed on April 7, 1954.

2. This action is one at law and therefore the doctrine of laches is inapplicable.

3. Under R.S. § 4529 penalties for withholding earned wages are recoverable as wages. Buckley v. Oceanic Steamship Company, 9 Cir., 5 F.2d 545. Since no statute of limitations is provided for, the six year statute of limitations, 12 P.S. § 31, applicable to claims for wages in Pennsylvania governs. Clearly, plaintiff's claim for earned wages and penalties is not barred.

4. In view of the foregoing the fact that defendant would be seriously embarrassed in assembling proof on the subject matter at this time is of no moment.

5. Additionally, defendant's assertion that it was greatly prejudiced because plaintiff's failure to include his claim for earned wages and penalties in his original complaint prevented it from abating the penalties cannot operate to bar said claim for earned wages and penalties. It is the Court's belief that this assertion is more properly a matter of evidence which should be introduced at trial for the purpose of mitigation.

6. Defendant's further opposition to the present motion is based on its claim that during July 5, 1952 to July 11, 1952, for which time plaintiff claims earned wages and the penalties for withholding same, he was unfit for duty as is indicated by abstracts from the United States Public Health Hospital, Baltimore, Maryland, and Philadelphia, Pennsylvania. Again the matter is evidentiary and can in no way affect the right of plaintiff to file his claim for earned wages and penalties which is embodied in his proposed amended complaint.

7. Defendant's contention that plaintiff abandoned his claim for wages and penalties is a matter of defense which must be proved at the trial (if at all) after all the evidence has been introduced.

8. We hold, therefore, that the claim for earned wages plus penalties for withholding of same is not barred by the statute of limitations or by laches and plaintiff's motion for leave to amend the complaint is accordingly granted.