WILLIAMS, Judge.
The plaintiff, North American Land Development, Inc., appeals a judgment rendered in favor of the defendants, H.C. Angle Co., Inc. (Angle), William T. Edwards d/b/a Edwards Air Conditioning (Edwards), and Zimmerman, Inc. (Zimmerman), in which the trial court recognized two recorded liens for materials and one recorded lien for labor and materials furnished on a private construction contract.
On appeal, plaintiff contends the trial court erred in failing to find that the defendant’s failure to give written notice to the owner at least ten (10) days prior to filing their liens, defeated the liens. Plaintiff also urges the district court incorrectly interpreted the law under LSA-R.S. 9:4801 and also incorrectly applied the law to the facts of the instant case. We affirm.
FACTS
Plaintiff, North American Land Development, Inc. (NALD) entered into a building contract on July 8, 1991 with Thomas Day d/b/a DIVI Construction Company, the contractor, to have a building constructed in Jonesboro, Jackson Parish, Louisiana. The building was substantially completed on December 23, 1991, and a certificate of substantial completion was filed in Jackson Parish, Louisiana.
Three liens were filed against the property on January 2, 1992: (a) H.G. Angle Co., Inc., claimed $4,886.80 under a subcontract with the contractor for the sale of mova *567 bles for the property; (b) William T. Edwards, d/b/a Edwards Air Conditioning, claimed $7,366.45 under a subcontract with the contractor for labor and materials for the property; and (c) Zimmerman, Inc. also claimed $11,212.24 under a subcontract with the contractor for the sale and delivery of movables to the property.
NALD prepared to sell the property in March, 1992. Prior to the act of sale, NALD bonded the three liens by filing a concursus proceedings in Jackson Parish and posting a cash bond in an amount equal to one and one-fourth times the total amount of the three liens.
DISCUSSION
Plaintiff argues that LSA-R.S. 9:4802(G), as amended in 1991, effective January 1, 1992,[1] prohibits all three defendants from enforcing their liens because no notice of nonpayment was given to the owner within the time period required under that statute.
LSA-R.S. 9:4802(G), as amended in 1991, effective January 1,1992, provides in pertinent part:
(2) For the privilege under this Section or R.S. 9:4801(3) to arise, the seller of movables shall deliver a notice of nonpayment to the owner at least ten days before filing a statement of his claim and privilege.
The trial court, in its oral reasons for judgment, held that the failure to provide a written notice to the owner within the time period did not defeat the respective claims of the lienors because LSA-R.S. 9:4802(G), as amended in 1991, and effective January 1, 1992, was inapplicable to this case. The trial court further found that Angle, Edwards and Zimmerman did indeed furnish the materials or perform the labor for the building project at issue and that they had not been paid.
The trial court was correct in finding the 1991 amendment to 9:4802(G) inapplicable to the facts of this case. All of the operative facts in this case (building contract, contracts with Edwards, Angle, and Zimmerman and the certificate of substantial completion) occurred prior to the effective date of the new law; therefore, the law as it existed prior to January 1, 1992 is applicable to the facts of this case.
In the case of White v. Crook, 426 So.2d 334 (La.App. 2d Cir.1983), this Court stated:
Though the contract is the law between the parties, laws existing at the time of its confection are incorporated into and form part of the contract as though expressly written therein. Dantoni v. Board of Levee Commissioners, [227] La. 575, 80 So.2d 81 (1955); Johnson v. Anderson-Dunham Concrete Co., 212 La. 276, 31 So.2d 797 (1947); West v. State, State Superintendent of Pub. Ed., 324 So.2d 579 (La.App. 1st Cir.1975); Velasquez v. Custom Built Homes, Inc., 246 So.2d 699 (La.App. 4th Cir.1971). (Emphasis added)
In the instant case, the law existing at the time of the confection of the contracts in question did not contain a provision requiring written notice prior to the filing of a lien by a seller of movables. Therefore, this Court finds the defendants met all of the legal requirements which were in effect at the time of the confection of their respective contracts.
The trial court also found that the lienor Edwards had performed the work and furnished the materials, and had not been paid. Although Edwards admitted his invoice had been prepared and backdated for the purpose of the filing of the lien, he testified that he had not been paid for all of his labor and materials. The invoices and testimony presented were sufficient to show delivery of materials to the construction site. Moreover, Appellants failed to offer any evidence to show that the materials were not delivered or that payment had been made. The trial court obviously accepted the testimony of Edwards and the other defendants as credible rather than the testimony of the representative of NALD. The trial court is allowed to make *568 findings of fact based upon the testimony of witnesses it finds to be the most credible. See Rosell v. Esco, 549 So.2d 840 (La.1989). This Court will not disturb these findings of fact unless they are manifestly erroneous or clearly wrong. This court finds no manifest error in the trial court’s ruling.
For the foregoing reasons, the judgment of the trial court is AFFIRMED at appellant’s costs.
APPLICATION FOR REHEARING
Before NORRIS, LINDSAY, HIGHTOWER, STEWART and WILLIAMS, JJ.
Rehearing denied.

. LSA-R.S. 9:4802(G) was amended by Acts 1991, No. 1024, § 1. In addition to other changes, paragraph G(2) was added to the statute.