324 So.2d 579 (1975)
Marie M. WEST and Milton G. West
v.
STATE of Louisiana, Through STATE SUPERINTENDENT OF PUBLIC EDUCATION, etc.
No. 10457.
Court of Appeal of Louisiana, First Circuit.
November 24, 1975.
Rehearing Denied January 12, 1976.
*580 Michael R. Connelly, Baton Rouge, for appellants.
Cormack M. Blackmon, Special Counsel, Baton Rouge, for appellee.
Before LANDRY, COVINGTON and BARNETTE, JJ.
LANDRY, Judge.
Plaintiffs, Marie M. and Milton G. West (Appellants), appeal from judgment dismissing their suit against defendant, State of Louisiana, Through the State Superintendent of Public Education (Appellee), for unpaid wages, statutory penalties and attorney's fees claimed under the Wage and Hour Provisions of the Federal Fair Labor Standards Act of 1938, on Appellee's exception of no cause of action. We reverse and remand this matter for further proceedings.
Appellants (Husband and Wife) brought this action pursuant to the provisions of 29 U.S.C. § 216(b). The petition alleges that Mrs. West was employed by Appellee from February 1, 1971 to June 30, 1973, as a "cottage parent" at the New Friends House, located in Baton Rouge, Louisiana, which institution is commonly known as a "half-way house". Mrs. West's salary is alleged to have been from $350.00 to $420.00 per month, based on a 40 hour work week. It is also alleged that Mrs. West was required to file a monthly time record. It is further alleged that Mrs. West was required to work seven days per week, including holidays, and that she was on call 24 hours daily. It is additionally alleged that Mrs. West worked far in excess of the 40 hour week for which she was paid, but that she was not permitted to file reports showing the overtime worked and that she was never paid for overtime worked.
Mr. West asserts that under the terms of his wife's employment contract, he was required to live on the premises with Mrs. West and assist her in her performance of her duties. He also alleges he was required to work the same hours as Mrs. West and has been paid no compensation.
Mrs. West seeks overtime compensation as provided for by 29 U.S.C. § 207, together with statutory penalties and attorney's fees pursuant to 29 U.S.C. § 216(b). Mr. West prays for recognition as an employee of Appellee having worked the same hours and due the same compensation as Mrs. West, plus statutory penalties and attorney's fees.
Appellant filed peremptory exceptions of no cause and no right of action. The exception of no cause of action is predicated upon Appellant's alleged sovereign immunity from suit and Appellee's failure to aver legislative waiver thereof. The exception of no right of action is predicated upon Appellants' failure to aver facts sufficient to place Appellants within the coverage of the Fair Labor Standards Act.
In the trial court and in this court as well, Appellants contend this action is in contract, and that the doctrine of sovereign immunity is unavailable to Appellee in a suit in contract, as expressly provided by La.Const. 1921, Article XIX, Section 26. Alternatively, Appellants urge that if constitutional immunity exists in favor of Appellee under state law, such immunity has been removed by recent (1974) amendments to 29 U.S.C. § 216(b).
The lower court sustained Appellee's exception of no cause of action based on sovereign immunity upon finding that La.Const. Article XIX, Section 26 does not contain a waiver of Appellee's sovereign immunity in cases in contract. We conclude the lower court erred in so holding.
*581 In pertinent part La.Const. 1921, Article XIX, Section 26, provides as follows:
"The following named commissions, boards, bodies or municipal corporations are and shall be considered special agencies of the State of Louisiana:
* * * * * *
(5) The State Board of Education,
(9) The State Superintendent of Public Education in his capacity as such as well as in the capacity of ex-officio secretary of the State Board of Education, and
(10) The State Department of Education.
The consent of the State of Louisiana to suits or legal proceedings against any of the above listed special agencies, (however heretofore given) is hereby expressly withdrawn and no such suit or proceeding shall be permitted except as provided in this section. . . . There is expressly excepted from the foregoing, suits for the enforcement of contracts entered into by any of the special agencies or for the recovery of damages for the breach thereof. . . . .
This Section shall be self-operative and shall supersede any other portion of this Constitution or any statutes or regulations in conflict herewith."
The foregoing constitutional provision clearly and expressly waives the sovereign immunity otherwise enjoyed by Appellee in suits against Appellee for the enforcement of contracts as well as actions for damages for breach of contracts entered into by Appellee. The Article in question has been previously so interpreted in Hill v. North-Central Area Vocational Technical School, La., 310 So.2d 104.
We deem it elementary that the relationship of employer-employee is contractual in nature. Consequently, if Appellants allege an employer-employee relationship as the basis for their claims, they have alleged a cause of action in contract. LSA-C.C. art. 2675.
Pertinent herein is the principle that laws in existence when a contract is confected become part of the agreement and are incorporated therein as though expressly forming part of the covenant. LSA-C.C. art. 1903; Velasquez v. Custom Built Homes, Inc., La.App., 246 So.2d 699. More specifically, our Supreme Court has expressly held that when an agreement of employment exists or comes into being, the Federal Wage and Hour law becomes part of the contract as fully as if the provisions of the law are incorporated therein by the parties. Johnson v. Anderson-Dunham Concrete Co., 212 La. 276, 31 So.2d 797.
There can be no question but that the petition herein alleges an express contract of employment between Mrs. West and Appellee, and that pursuant thereto Mrs. West is entitled to certain unpaid wages, penalties and attorney's fees. We find it equally clear that the petition alleges an implied contract of employment between Mr. West and Appellee pursuant to which services were rendered by Mr. West and no payment whatsoever was made by Appellee. For purposes of disposing of an exception of no cause of action, all well pleaded allegations of plaintiff's petition must be accepted as true. Barnett v. Develle, La.1974, 289 So.2d 129.
Accepting Appellants' allegations as true, we find that both Mr. and Mrs. West have stated a cause of action under the Wages and Hours Provisions of the Federal Fair Labor Standards Act, that is, a claim for overtime for which payment has not been made. It is well settled that if a petition states a cause of action on any *582 ground whatsoever, it is not vulnerable to an exception of no cause of action. Louisiana & Arkansas Railway Company v. Goslin, 258 La. 530, 246 So.2d 852.
Having found that state immunity from suit has been constitutionally waived in this instance, it is unnecessary that we consider whether state sovereign immunity has been removed in this area by the effect of federal law.
Appellee's exception of no right of action is based on the premise that the petition does not allege facts which bring Appellants within the ambit of the Fair Labor Standards Act. It is contended that the facts alleged do not place Appellants in any category of employees covered by the federal statute. As noted, the trial court referred Appellee's exception of no right of action to the merits.
Appellee reurges its exception of no right of action on appeal; however, we note than an exception of no right of action is triable as an issue of fact with the admission of evidence, and that recent jurisprudence sanctions the referring of exceptions to the merits within the discretion of the trial court. Babineaux v. Pernie-Bailey Drilling Co., 261 La. 1080, 262 So.2d 328; La.Code Civ.P. art. 929, comment (b). Therefore, under the circumstances, we find no abuse of the trial court's discretion in referring the exception of no right of action to the merits.
The judgment of the trial court sustaining Appellee's exception of no cause of action predicated upon Appellee's alleged sovereign immunity is reversed, annulled and set aside and this matter remanded to the lower court for trial. All costs of this appeal, for which the State of Louisiana, through the State Superintendent of Public Education and the State Board of Education may be cast, shall be paid by said Appellees.
Reversed and remanded.