1998-NMCA-156

966 P.2d 188

**Stephen R. WHITTINGTON, et al., Plaintiffs–Appellants,**

v.

**STATE of New Mexico DEPARTMENT OF PUBLIC SAFETY, Darren P. White, in his capacity as Secretary of the New Mexico Department of Public Safety, and Frank Taylor, in his capacity as the Chief of the New Mexico State Police, Defendants–Appellees.**

No. 19,065.

Court of Appeals of New Mexico.

Sept. 3, 1998.

Certiorari Denied, No. 25,364, Oct. 14, 1998.

Jill Henson, Rowley Law Firm P.C., Clovis, for Appellants.

Ellen S. Casey, S. Barry Paisner, Hinkle, Cox, Eaton, Coffield & Hensley, L.L.P., Santa Fe, for Appellees.

Mark B. Stern, Robert M. Loeb, U.S. Department of Justice, Washington, D.C., for Amicus Curiae for United States.

Carl J. Butkus, Butkus & Reimer, P.C., Albuquerque, for Amicus Curiae for John Raymond, et al.

*OPINION*

ALARID, J.

{1} On appeal we are asked to decide whether the Eleventh Amendment to the United States Constitution bars suit by a citizen against a state in state court. We must also decide the corollary issue of whether the Supremacy Clause supersedes state sovereign immunity and therefore requires state courts to enforce federal law. The district court dismissed the Appellants' (Employees) suit against the State of New Mexico Department of Public Safety (the Department), finding that the Eleventh Amendment granted sovereign immunity to states in both federal and state court. We reverse.

**FACTS**

{2} Two hundred ninety-nine New Mexico State Police Officers filed suit against the

Department, Darren P. White, in his capacity as Secretary of the Department, and Frank Taylor, in his capacity as the Chief of the New Mexico State Police, for violations of the Fair Labor Standards Act (FLSA). 29 U.S.C. §§ 201–219 (1978). The Department removed the case to federal court and then moved to return it to state court in light of the United States Supreme Court's decision in *Seminole Tribe v. Florida*, 517 U.S. 44, 61–66, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996), which held, among other things, that Congress cannot abrogate a state's sovereign immunity from suit in federal court pursuant to the Interstate Commerce Clause. The federal court granted the Department's motion, finding that based upon the holding in *Seminole Tribe*, the court did not have jurisdiction to hear the suit.

{3}   Once back in district court, the Department moved to dismiss the Employees' claims for violations of the FLSA based on State sovereign immunity. The district court found that there was "no principled way to take this case out of the reach of *Seminole Tribe*," because "state sovereign immunity is synonymous with Eleventh Amendment immunity[.]" Employees appeal.

**BACKGROUND**

{4}   We begin our discussion with a brief history of the Eleventh Amendment. For the first time, in 1793, the Supreme Court allowed a citizen of one state to sue another state in federal court. *Chisholm v. Georgia*, 2 U.S. (2 Dall.) 419, 1 L.Ed. 440 (1793). The Court's holding "created .. a shock of surprise." *Hans v. Louisiana*, 134 U.S. 1, 11, 10 S.Ct. 504, 33 L.Ed. 842 (1890). As a result, Congress introduced the language of the Eleventh Amendment, which was ratified in 1795. John V. Orth, *The Truth About Justice Iredell's Dissent in Chisholm v. Georgia (1793)*, 73 N.C.L.Rev. 255, 256 (1994).

{5}   The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. This language expressly discusses the judicial power of the United States. The language was later interpreted to bar suits by citizens against their own states in federal court. *Hans*, 134 U.S. at 10–17, 10 S.Ct. 504.

{6}   The Eleventh Amendment is not an absolute bar to suits against a state in federal court. Congress may abrogate the state's sovereign immunity if it: (1) has the power to abrogate, and (2) its intent to abrogate is unmistakable. *See Seminole Tribe*, 517 U.S. at 55, 116 S.Ct. 1114.

{7}   In *Fitzpatrick v. Bitzer*, 427 U.S. 445, 456, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976), the Supreme Court held that the Fourteenth Amendment gave Congress the power to abrogate the states' Eleventh Amendment sovereign immunity. Later, the Supreme Court held that the Interstate Commerce Clause was also a source for abrogation of sovereign immunity. *See Pennsylvania v. Union Gas*, 491 U.S. 1, 5, 109 S.Ct. 2273, 105 L.Ed.2d 1 (1989) (plurality opinion), *overruled by Seminole Tribe v. Florida*, 517 U.S. at 66, 116 S.Ct. 1114.

{8}   In 1996, however, the Supreme Court overruled *Union Gas* in *Seminole Tribe*, 517 U.S. at 66, 116 S.Ct. 1114. The Supreme Court concluded that unlike the Fourteenth Amendment, the Interstate Commerce Clause cannot serve as the basis for abrogating the states' Eleventh Amendment immunity. *Id.* Therefore, because the Interstate Commerce Clause is no longer a source for abrogation, federal statutes passed pursuant to the Interstate Commerce Clause are not enforceable against the states in federal court.

**ANALYSIS**

**a. Standard of Review**

{9}   The Employees' case was dismissed by the district court. The issue before us is a matter of law, which we review de novo. *See Barnae v. Barnae*, 1997–NMCA–077, ¶ 11, 123 N.M. 583, 943 P.2d 1036.

**b. Federal Jurisdiction**

{10}   Under Eleventh Amendment analysis the FLSA meets the first criterion for Congressional abrogation. It is not disputed that Congress was clear in its intent to sub-

ject states to FLSA claims in both state and federal courts. *See* 29 U.S.C. § 216(b); *Jacoby v. Arkansas Dep't of Education,* 331 Ark. 508, 962 S.W.2d 773, 774 (Ark.1998). It is the second criterion that the FLSA does not satisfy. Congress passed the FLSA pursuant to the Interstate Commerce Clause. *Jacoby,* 962 S.W.2d at 774. In the aftermath of *Seminole Tribe,* it is clear that the Commerce Clause is not sufficient to give federal courts jurisdiction over suits by employees against state entities for violations of the FLSA. *Id.*

### c. State Jurisdiction

■■■ {11} The Department contends that the Eleventh Amendment provides the State immunity from suits in state court for violations of the FLSA. We do not agree. The Eleventh Amendment is only a restriction on federal court jurisdiction. *See Atascadero State Hospital v. Scanlon,* 473 U.S. 234, 240 n. 2, 105 S.Ct. 3142, 87 L.Ed.2d 171 (1985) ("As Justice Marshall has noted, 'the issue is not the general immunity of the States from private suit ... but merely the susceptibility of the States to suit before *federal tribunals.*' *Employees v. Missouri Dept. of Public Health and Welfare,* [411 U.S. 279,] 293–94 [93 S.Ct. 1614, 36 L.Ed.2d 251·(1973)] (concurring in result) (emphasis added). It denigrates the judges who serve on the state courts to suggest that they will not enforce the supreme law of the land."). The Eleventh Amendment does not prevent state courts from addressing federal law claims because it does not apply to state court jurisdiction. *See Hilton v. South Carolina Pub. Rys. Commission,* 502 U.S. 197, 204–05, 112 S.Ct. 560, 116 L.Ed.2d 560 (1991) (the Eleventh Amendment does not apply in state courts); *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 63–64, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989); *Maine v. Thiboutot,* 448 U.S. 1, 9 n. 7, 100 S.Ct. 2502, 65 L.Ed.2d 555 (1980); *Jacoby,* 962 S.W.2d at 775; *Bunch v. Robinson,* 122 Md.App. 437, 712 A.2d 585, 594 (Md.Ct.Spec.App.1998). We do not read *Seminole Tribe* to the contrary. Consistent with the previous holdings of the Supreme Court, we find that the Eleventh Amendment does not give the Depart-

ment sovereign immunity from suit in state court.

### d. State Sovereign Immunity & The Supremacy Clause

■■ {12} The Department argues that state sovereign immunity also protects the Department from suit in state court. We do not agree. The Supremacy Clause of the United States Constitution provides that the Constitution and the federal law of the United States are the supreme laws of the land and that courts in every state are bound by these laws. U.S. Const. Art. VI, cl. 2. Under present United States Supreme Court decisions, state sovereign immunity does not bar federal law claims in state court. *See Howlett v. Rose,* 496 U.S. 356, 367–68, 110 S.Ct. 2430, 110 L.Ed.2d 332 (1990); *Hilton,* 502 U.S. at 207, 112 S.Ct. 560; *see also Carter v.. City of Las Cruces,* 121 N.M. 580, 582, 915 P.2d 336, 338 (Ct.App.1996) (stating that state sovereign immunity is not a bar to Section 1983 claims in state court); *Wells v. County of Valencia,* 98 N.M. 3, 6–7, 644 P.2d 517, 520–21 (1982) (holding that denial of federal rights by a state violates Supremacy Clause).

{13} In *Howlett,* the Supreme Court was asked to determine whether state sovereign immunity barred 42 U.S.C. § 1983 (1979) claims in state court. The Court stated that when Congress has adopted an Act, Congress has spoken for the people and the states. Therefore, the Act is as much the policy of the states as it is of Congress and the states should respect the Act as if they had adopted it themselves. *Howlett,* 496 U.S. at 371, 110 S.Ct. 2430. Because Section 1983 is the supreme law of the land, the states must enforce that law generally in their state courts. *Howlett,* 496 U.S. at 367, 110 S.Ct. 2430.

{14} In *Hilton,* the Supreme Court reinforced its holding in *Howlett.* In *Hilton,* the Court was asked to determine whether a state could be sued for a Federal Employers' Liability Act claim in state court. Citing to *Howlett,* the Court ruled that under the Supremacy Clause when a federal statute imposes liability upon the states, that statute is

**24**

fully enforceable in state court. *Hilton*, 502 U.S. at 207, 112 S.Ct. 560.

{15}  When Congress enacted the FLSA, it clearly stated that it was to apply to the states in state court. The FLSA therefore is the supreme law of the United States. "The Supreme Court has decided that Congress acted within its Article I powers and did not violate the Tenth Amendment when it provided state employees with the protections afforded by the FLSA." *Alden v. Maine,* 715 A.2d 172, 177 (Me.1998) (Dana and Rudman, J.J., dissenting) (citing *Garcia v. San Antonio Metro. Transit Authority,* 469 U.S. 528, 105 S.Ct. 1005, 83 L.Ed.2d 1016 (1985)). Accordingly, based on the previous decisions by the Supreme Court, we find that the Supremacy Clause requires the district court to enforce the FLSA notwithstanding the Department's assertion of state sovereign immunity. *See Alden,* 715 A.2d 172 (Dana and Rudman, J.J., dissenting).

**CONCLUSION**

{16}  We agree that under the interpretation of the Eleventh Amendment in *Seminole Tribe,* federal courts do not have jurisdiction to hear claims against states for FLSA violations. We conclude, however, that the Eleventh Amendment does not bar suits against the state for FLSA violations in state court, nor does state sovereign immunity bar such suits. We therefore reverse the decision of the district court granting the Department's Motion to Dismiss and remand for proceedings consistent with this opinion.

{17}  **IT IS SO ORDERED.**

HARTZ, C.J., and BUSTAMANTE, J., concur.