1999-NMCA-150

992 P.2d 889

**Stephen R. WHITTINGTON, et al., Plaintiffs–Appellants,**

v.

**STATE of New Mexico DEPARTMENT OF PUBLIC SAFETY, Darren P. White, in his capacity as Secretary of the New Mexico Department of Public Safety, and Frank Taylor, in his capacity as the Chief of the New Mexico State Police, Defendants–Appellees.**

**No. 19,065.**

Court of Appeals of New Mexico.

Sept. 13, 1999.

Certiorari Denied, No. 25,989, Nov. 9, 1999.

Jill Henson, Rowley Law Firm P.C., Clovis, for Appellants.

Ellen S. Casey, S. Barry Paisner, Hinkle, Cox, Eaton, Coffield & Hensley, L.L.P., Santa Fe, for Appellees.

Mark B. Stern, Robert M. Loeb, U.S. Department of Justice, Washington, D.C., Amicus Curiae for United States.

Carl J. Butkus, Butkus & Reimer, P.C., Albuquerque, Amicus Curiae for John Raymond, et al.

## OPINION

ALARID, Judge.

{1} The opinion filed on August 3, 1999, is withdrawn on the Court's own motion, and the following opinion is substituted in its place. On remand from the United States Supreme Court, we are asked to reconsider our decision in *Whittington v. Department of Public Safety*, 1998–NMCA–156, 126 N.M. 21, 966 P.2d 188, *judgment vacated by New Mexico Dept. of Public Safety v. Whittington*, — U.S. —, 119 S.Ct. 2388, 144 L.Ed.2d 790 (1999), in light of the Supreme Court's decision in *Alden v. Maine*, 527 U.S. 706, 119 S.Ct. 2240, 144 L.Ed.2d 636 (1999). Upon doing so we now affirm the decision of the district court.

{2} On September 3, 1998, we held that the Eleventh Amendment to the United States Constitution does not give the State of New Mexico Department of Public Safety (the Department) sovereign immunity from suit in state court for violations of the Fair Labor Standards Act (FLSA), 29 U.S.C §§ 201–219 (1978). *See generally Whittington*, 1998–NMCA–156, 126 N.M. 21, 966 P.2d 188. Consequently, we reversed the district court's decision to dismiss the Appellants' suit against the Department. *See id.* ¶ 16. The New Mexico Supreme Court subsequently denied the Department's petition for a writ of certiorari, *see Whittington v. Department of Public Safety*, 126 N.M. 534, 972 P.2d 353 (1998), and the Department appealed the case to the United States Supreme Court, *see Whittington*, 119 S.Ct. at 2388.

{3} The United States Supreme Court addressed the issues presented in *Whittington* in its decision in *Alden*. In *Alden* a group of probation officers sued the State of Maine in the United States District Court for allegedly violating the overtime provisions of the FLSA. 119 S.Ct. at 2246. The trial court dismissed the suit based on the state's Eleventh Amendment sovereign immunity and the Maine Supreme Judicial Court affirmed the trial court's decision. *See id.* Due to the importance of the issues presented in *Alden*, the United States Supreme Court granted certiorari. *See Alden v. Maine*, 525 U.S. 981, 119 S.Ct. 443, 142 L.Ed.2d 398 (1998); *see also Alden*, 119 S.Ct. at 2246. After an exhaustive examination of the origin and history of the Eleventh Amendment and sovereign immunity, the Supreme Court held "the powers delegated to Congress under Article I of the United States Constitution do not include the power to subject nonconsenting States to private suits for damages in state courts." *See Alden*, 119 S.Ct. at 2246.

{4} Because the Supreme Court, whose decisions binds us, has concluded that sovereign immunity shield states from FLSA suits in state court, we vacate our decision in *Whittington*. We therefore affirm the decision of the district court dismissing the direct FLSA claims as set forth in Counts I, III and IV of the Appellants' Second Amended Complaint. We note, however, that the district court order dismissing Counts I, III and IV was certified as a final order pursuant to Rule 1–054(C)(1) NMRA 1999 and that it does not purport to address Count II, Appellants' contract claim. Our disposition of the direct FLSA claims set out in Counts I, III and IV should not be understood as precluding the district court from considering in the context of Count II whether the written employment policies of the Department constitute a contract within the scope of NMSA 1978 § 37–1–23, and if so, the extent to which provisions of the FLSA were incorporated into any contract between Appellants and the Department.

{5} **IT IS SO ORDERED.**

HARTZ and BUSTAMANTE, JJ., concur.