4 P.3d 668

2000-NMCA-055

Stephen R. WHITTINGTON, et al., Plaintiffs–Appellants,

v.

STATE of New Mexico DEPARTMENT OF PUBLIC SAFETY, Darren P. White, in his capacity as Secretary of the New Mexico Department of Public Safety, and Frank Taylor, in his capacity as the Chief of the New Mexico State Police, Defendants–Appellees.

No. 19,065.

Court of Appeals of New Mexico.

May 5, 2000.

Certiorari Granted, No. 26,362, June 28, 2000.

222

Jill Henson, Rowley Law Firm P.C., Clovis, for Appellants.

Ellen S. Casey, S. Barry Paisner, Hinkle, Cox, Eaton, Coffield & Hensley, L.L.P., Santa Fe, for Appellees.

Mark B. Stern, Robert M. Loeb, U.S. Department of Justice, Washington, D.C., Amicus Curiae for United States.

Carl J. Butkus, Butkus & Reimer, P.C., Albuquerque, Amicus Curiae for John Raymond, et al.

*OPINION*

ALARID, Judge.

{1} On December 29, 1999, we withdrew on our own motion our previous opinion, filed on September 13, 1999. The following opinion hereby is substituted in its place.

{2} On remand from the United States Supreme Court, we reconsider our decision in *Whittington v. Department of Public Safety,* 1998–NMCA–156, 126 N.M. 21, 966 P.2d 188, *judgment vacated by New Mexico Dept. of Public Safety v. Whittington,* 119 S.Ct. 2388 (1999), in light of the Supreme Court's decision in *Alden v. Maine,* 527 U.S. 706, 119 S.Ct. 2240, 144 L.Ed.2d 636 (1999). Upon

doing so we affirm the decision of the district court.

{3} On September 3, 1998, we held that the Eleventh Amendment to the United States Constitution does not give the State of New Mexico Department of Public Safety (the Department) sovereign immunity from suit in state court for violations of the Fair Labor Standards Act (FLSA), 29 U.S.C §§ 201–219 (1978). *See generally Whittington,* 1998–NMCA–156, 126 N.M. 21, 966 P.2d 188. Consequently, we reversed the district court's decision to dismiss the Appellants' suit against the Department. *See id.* ¶ 16. The New Mexico Supreme Court subsequently denied the Department's petition for a writ of certiorari, *see Whittington v. Department of Public Safety,* 126 N.M. 534, 972 P.2d 353 (1998), and the Department appealed the case to the United States Supreme Court, *see Whittington,* 119 S.Ct. at 2388.

{4} The United States Supreme Court addressed the same issues presented in *Whittington* in its decision in *Alden.* In *Alden,* a group of probation officers sued the State of Maine in federal district court for allegedly violating the overtime provisions of the FLSA. *See* 119 S.Ct. at 2246. The federal court dismissed the suit based on the State's Eleventh Amendment immunity. The dismissal was affirmed on appeal. *See Mills v. Maine,* 118 F.3d 37 (1st Cir. 1997). The plaintiffs then re-filed their lawsuit in state court. The state trial court dismissed the suit based on the State's immunity from suit. The Maine Supreme Judicial Court affirmed. *See Alden v. State,* 715 A.2d 172 (Me.1998). Due to the importance of the issues presented in *Alden,* the United States Supreme Court granted certiorari. *See Alden v. Maine,* 525 U.S. 981, 119 S.Ct. 443, 142 L.Ed.2d 398 (1998); *see also Alden,* 119 S.Ct. at 2246. After an exhaustive examination of the origin and history of the Eleventh Amendment and sovereign immunity, the Supreme Court held "the powers delegated to Congress under Article I of the United States Constitution do not include the power to subject non-consenting States to private suits for damages in state courts." *Alden,* 119 S.Ct. at 2246.

{5} Because the Supreme Court, whose decision in *Alden* binds us, has concluded that sovereign immunity shields non-consenting states from FLSA suits in state court, we

vacate our September 3, 1998, decision and now affirm the decision of the district court dismissing the direct FLSA claims as set forth in Counts I, III, and IV of the Appellants' Second Amended Complaint. We note, however, that the district court order dismissing Counts I, III, and IV was certified as a final order pursuant to Rule 1–054(C)(1) NMRA 1999 and that it does not purport to address Count II, Appellants' contract claim. Our disposition of the direct FLSA claims set out in Counts I, III, and IV should not be understood as precluding Appellants from asserting in the context of Count II that the written employment policies of the Department constitute a contract within the scope of NMSA 1978, § 37–1–23 (1976), *see Garcia v. Middle Rio Grande Conservancy District,* 1996–NMSC–029 ¶¶ 15, 19, 121 N.M. 728, 918 P.2d 7, and that the provisions of the FLSA were incorporated into any contract between Appellants and the Department, *see Bernalillo County Deputy Sheriffs Ass'n v. County of Bernalillo,* 114 N.M. 695, 699, 845 P.2d 789 (1992) (noting that FLSA provisions are read into and become part of every employment contract subject to the terms of the Act); *West v. State,* 324 So.2d 579 (La.Ct.App.1975) (holding that waiver of sovereign immunity as to employment contract extends to related FLSA claims).

{6} **IT IS SO ORDERED.**

PICKARD, C.J., and BUSTAMANTE, J., concur.