2002-NMSC-010

45 P.3d 889

**Stephen R. WHITTINGTON, et al., Plaintiffs–Petitioners,**

v.

**STATE of New Mexico DEPARTMENT OF PUBLIC SAFETY, Darren P. White, in his capacity as Secretary of the New Mexico Department of Public Safety, and Frank Taylor, in his capacity as the Chief of the New Mexico State Police, Defendants–Respondents.**

**No. 26,362.**

Supreme Court of New Mexico.

March 27, 2002.

Rowley Law Firm, P.C., Richard Rowley, Jill Henson, Clovis, NM, Jane Bloom Yohalem, Santa Fe, NM, for Petitioners.

Hinkle, Hensley, Shanor & Martin, L.L.P., Ellen Casey, S. Barry Paisner, Santa Fe, NM, for Respondents.

Butkus, Gay & Jahner, P.C., Carl J. Butkus, Albuquerque, NM, for Amicus Curiae John Raymond, et al.

## OPINION

SERNA, Chief Justice.

{1} Plaintiffs–Petitioners, a group of state police officers employed by the Department of Public Safety, filed an action against the Department seeking payment for overtime wages. Plaintiffs' amended complaint contains three counts seeking relief under the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §§ 201–219 (1994 & Supp. II 1996), and one count alleging a state claim for breach of contract. The Department filed a motion to dismiss the FLSA claims on the basis of sovereign immunity but did not move to dismiss the breach of contract count. The district court granted the motion to dismiss the FLSA claims in a final order as provided in Rule 1–054(B)(1) NMRA 2002, and Plaintiffs sought an immediate appeal to the Court of Appeals. The Court of Appeals determined that the FLSA claims were not barred by the Eleventh Amendment or sovereign immunity and reversed the district court's dismissal of these claims. *Whittington v. State Dep't of Pub. Safety*, 1998–NMCA–156, ¶¶ 11–16, 126 N.M. 21, 966 P.2d 188, *vacated,* 527 U.S. 1031, 119 S.Ct. 2388, 144 L.Ed.2d 790 (1999). This Court denied the Department's petition for writ of certiorari, and the United States Supreme Court subsequently accepted discretionary review. Based on its opinion in *Alden v. Maine*, 527 U.S. 706, 119 S.Ct. 2240, 144 L.Ed.2d 636 (1999), the Supreme Court vacated the opinion of the Court of Appeals and remanded for further consideration. *Whittington,* 527 U.S. at 1031, 119 S.Ct. 2388.

{2} On remand, the Court of Appeals determined based on *Alden* that the State is protected by sovereign immunity and therefore affirmed the district court's dismissal of the FLSA claims. *Whittington v. State Dep't of Pub. Safety,* 2000–NMCA–055, ¶ 5, 129 N.M. 221, 4 P.3d 668, *cert. granted,* No. 26,362, 129 N.M. 250, 4 P.3d 1241 (2000).

We granted Plaintiffs' petition for writ of certiorari in order to resolve an inconsistency between the holding in this case and the Court of Appeals' holding in a case involving identical issues, *Cockrell v. Bd. of Regents of N.M. State Univ.,* 2002–NMSC–009, 132 N.M. 156, 45 P.3d 876. In contrast to the affirmance of the district court's dismissal of the FLSA claims in the present case, the Court of Appeals conditionally affirmed the district court's denial of a motion to dismiss FLSA claims in *Cockrell. See id.* ¶ 9.

{3} In *Cockrell,* which is filed concurrently with this opinion, we have concluded that the State of New Mexico has not waived its constitutional sovereign immunity from FLSA claims. *Id.* ¶¶ 16–25. As a result, we affirm the Court of Appeals' determination in the present case that the district court properly dismissed Plaintiffs' FLSA claims. As mentioned above, the Department did not move to dismiss Plaintiffs' breach of contract claim. Because this count of the complaint is not a part of the present appeal, we do not address it. We also do not address additional arguments raised for the first time by amicus curiae. The question presented for this Court's review in Plaintiffs' petition for writ of certiorari to the Court of Appeals is "[w]hether state employees may bring direct Fair Labor Standards Act claims by establishing a waiver of sovereign immunity under NMSA 1978, § 37–1–23 (1976) for claims upon written employment policies which constitute a contract." Having answered that question through our opinion in *Cockrell,* we will not reach additional issues. "Amicus must accept the case on the issues as raised by the parties, and cannot assume the functions of a party." *State ex rel. Castillo Corp. v. N.M. State Tax Comm'n,* 79 N.M. 357, 362, 443 P.2d 850, 855 (1968). We affirm the district court's dismissal of Plaintiffs' FLSA claims.

{4} **IT IS SO ORDERED.**

WE CONCUR: JOSEPH F. BACA, GENE E. FRANCHINI, PAMELA B. MINZNER, and PETRA JIMENEZ MAES, Justices.