WENDELL G. RUSS     *     NO. 2019-C-0579

VERSUS     *

    COURT OF APPEAL

CITY OF NEW ORLEANS,     *
NEW ORLEANS POLICE     FOURTH CIRCUIT
DEPARTMENT, AND     *
LIEUTENANT ALDRICH IN     STATE OF LOUISIANA
HER CAPACITY AS     * * * * * * *
SUPERVISOR OF THE
ADMINISTRATIVE DUTIES
DIVISION

APPLICATION FOR WRITS DIRECTED TO
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2018-10282, DIVISION "C"
Honorable Sidney H. Cates, Judge
* * * * * *
**Judge Paula A. Brown**
* * * * * *

(Court composed of Judge Daniel L. Dysart, Judge Paula A. Brown, Judge Tiffany
G. Chase)

Sunni J. LeBeouf, City Attorney
Donesia D. Turner, Sr. Chief Deputy City Attorney
Elizabeth S. Robins, Deputy City Attorney
Renee Goudeau, Assistant City Attorney
City Hall-Room 5E03
1300 Perdido Street
New Orleans, LA 70112
    COUNSEL FOR RELATORS

G. Karl Bernard
G. Karl Bernard & Associates, LLC
1615 Poydras Street, Suite 101
New Orleans, LA 70112
    COUNSEL FOR RESPONDENT

        **WRIT GRANTED;**
        **JUDGMENT REVERSED**
        **8/28/2019**

Relators, the City of New Orleans, the New Orleans Police Department ("NOPD") and Lieutenant Carol Aldrich, in her capacity as a supervisor, seek review of the district court's April 30, 2019 judgment which denied their exception of prescription to the breach of contract petition (the "Petition") filed by Respondent, former NOPD officer Wendell G. Russ. Respondent's Petition sought damages arising out of an alleged incorrect classification of a 2008 work-related injury. For the reasons that follow, we grant the writ and reverse the judgment of the district court.

## FACTS

Respondent's Petition alleges he injured his back while on dispatch on May 15, 2008. On November 11, 2008, Respondent discovered NOPD's "T.R.I.P." reporting system classified his injury as "Sick-Workman's Compensation/Leave Without Pay/Sick," rather than "Injured on Duty." The "Injured on Duty" classification entitled Respondent to greater salary disability benefits. Respondent submitted a grievance to NOPD on November 13, 2008 to address the misclassification. Respondent filed for disability retirement benefits on May 10, 2009. On June 15, 2009, Respondent learned from the Municipal Police

Employees' Retirement System that discrepancies remained with respect to his salary as reported by NOPD. On July 8, 2009, NOPD removed Respondent from service due to his inability to perform as an officer. His work status classification dispute remained unresolved. On October 23, 2018, Respondent filed the Petition seeking damages for bad faith breach of contract arising out of his alleged improper payroll classification. In response, Relators filed an exception of prescription, which the district court denied.[1]

## STANDARD OF REVIEW

The standard of review of a trial court's ruling on a peremptory exception of prescription depends on whether evidence is introduced. *Wells Fargo Financial Louisiana, Inc. v. Galloway*, 2017-0413, pp. 7-8 (La. App. 4 Cir. 11/15/17), 231 So.3d 793, 800 (citations omitted). If evidence is introduced, the trial court's factual findings are reviewed for manifest error. *Galloway*, 2017-0413, p. 8, 231 So.3d at 800. When no evidence is introduced, the decision is purely legal and requires a *de novo* review. *Id.* Under those circumstances, the exception is decided based on the facts alleged in the petition, which are accepted as true. *Id.* The defendant bears the burden of proving prescription, unless the allegations of the petition reflect that the claim is prescribed, in which event the burden of proof falls upon the plaintiff to show interruption, renunciation, or suspension. *Felix v. Safeway Ins. Co.*, 2015-0701, p. 4 (La. App. 4 Cir. 12/16/15), 183 So.3d 627, 630.

In the case *sub judice*, no evidence was introduced at the March 15, 2019 hearing. As this Court must derive all facts from the allegations raised in the Petition, we will conduct a *de novo* review.

---

[1] The judgment also denied Relators' exceptions of no cause and no right of action; however, Relators do not assign these denials as error in their writ application.

2

**DISCUSSION**

The pivotal question presented for review is whether the Respondent's Petition alleges loss wage claims or breach of contract claims. The nature of an action determines the applicable prescriptive period. *Faubourg St. Charles, LLC v. Faubourg St. Charles Homeowners Assoc., Inc.*, 2018-0806, p. 4 (La. App. 4 Cir. 2/20/19), 265 So.3d 1153, 1157.

Relators argue the district court erred in denying their exception of prescription because Respondent's action for the recovery of his wages is subject to a three-year prescriptive period for employee wage loss claims, pursuant to La. C.C. art. 3494(1)[2]. Respondent counters: (1) the nature of his employment relationship with Relators was contractual; and (2) he seeks damages for breach of contract, which allots a ten-year prescriptive period as permitted by La. C.C. art. 3499.[3]

In denying the exception of prescription, the district court noted that "the employer-employee relationship is a contractual relationship," citing *West v. State Through State Superintendent of Public Ed.*, 324 So.2d 579 (La. App. 1 Cir. 1975) and *Castille v. St. Martin Parish School Board*, 2015-997 (La. App. 3 Cir. 4/27/16), 190 So.3d 1225. In *West*, the First Circuit found the plaintiff's suit for unpaid wages stated a cause of action for breach of contract. 324 So. 2d at 581. In *Castille,* the Third Circuit awarded damages for a school board's violation of

[2] La. C.C. art. 3494 provides, in pertinent part:

The following actions are subject to a liberative prescription of three years:

(1) An action for the recovery of compensation for services rendered, including payment of salaries, wages, commissions, professional fees, fees and emoluments of public officials, freight, passage, money, lodging, and board;

[3] La. C.C. art. 3499 provides that "[u]nless otherwise provided by legislation, a personal action is subject to a liberative prescription of ten years."

3

tenure laws in assigning a bus route to a bus driver. In doing so, the Third Circuit quoted *West*, stating, "[w]e deem it elementary that the relationship of employer-employee is contractual in nature." *Castille*, 2015-997, p. 5, 190 So.3d at 1229, *quoting West*, 324 So.2d at 581. The district court, in *Castille*, awarded damages "in the form of repayment in full for any time or salary lost as a result of the School Board's actions, but dismissed [the plaintiff's] claim for non-pecuniary damages." 2015-997, p. 3, 190 So.3d at 1228. The Third Circuit affirmed in part the district court's award of pecuniary damages and reversed in part the district court's dismissal of the plaintiff's claims for non-pecuniary damages, such as anxiety and depression. *Id.*, 2015-997, pp. 21-22, 190 So.3d at 1239.[4]

We find *West* and *Castille* distinguishable from the case *sub judice* in that those cases did not address the issue of prescription. However, the prescriptive period to bring an employee breach of contract claim for wages was addressed by the Supreme Court in *Grabert v. Iberia Parish School Bd.*, 1993-2715, p. 2 (La. 7/5/94), 638 So.2d 645, 646. The *Grabert* Court found the three-year prescriptive period of La. C.C. art. 3494 applied to claims that an employer "breached the respective contracts by paying them less than they were due under the appropriate salary index." In arriving at this conclusion, the Court reasoned:

> The actions are plainly for salary or wages past due under the allegedly appropriate salary index. The three year prescription provided for in article 3494 is directly and explicitly applicable. The nature of the claim (for under paid wages) is not something different because it arises out of breach of contract. The contract breached made provisions for the very wages sought.

---

[4] The Supreme Court reversed that portion of the Third Circuit's judgment which awarded $75,000.00 in contractual damages to the plaintiff for anxiety and depression, finding that the School Board did not breach its contract with the plaintiff in bad faith. *See Castille v. St. Martin Parish School Board*, 2016-1028, p. 8 (La. 3/15/17), 218 So. 3d 52, 56-57.

4

> This petition to recover underpaid "compensation for services rendered" is admittedly a personal action as defined by Louisiana Civil Code of Procedure article 422.3 However, the ten year prescriptive period set forth in article 3499, is only applicable to personal actions "unless otherwise provided for by legislation." La. Civ. Code art. 3499 (West 1994). The prescriptive period for the instant consolidated suits for the recovery of underpaid wages is otherwise provided for in article 3494, for that article, as earlier indicated, provides a three year prescriptive period for personal actions seeking "compensation for services rendered."

*Grabert*, 1993-2715, p. 2, 638 So.2d at 647.

Thus, the *Grabert* Court acknowledged that "all actions covered by article 3494 are grounded in contractual relationships," 1993-2715, p. 3, 638 So.2d at 647, and that "'[a]rticle 3494 does not present a choice between a contract remedy and some other remedy; it merely provides exceptions to the general rule stated in article 3499 that a personal action prescribes in ten years.'" *Id.*, *quoting Starns v. Emmons*, 538 So.2d 275, 278 (La. 1989)(applying La. C.C. art. 3494's three-year prescriptive period to claims for breach of a lease contract).

In the case *sub judice*, Respondent's breach of contract claims all derive from the alleged 2008 erroneous payroll classification of his status as "Sick-Workman's Compensation/Leave Without Pay/Sick" instead of "Injured on Duty." According to the allegations raised in Respondent's Petition, he discovered this discrepancy on November 11, 2008 and filed a grievance on November 13, 2008. The Petition also alleged he applied for disability retirement on May 10, 2009; he was apprised of discrepancies with his reported salary on June 15, 2009; and he was removed from service on July 8, 2009. At the very latest, Respondent's cause of action became exigible by July 8, 2009, the date he was discharged from service. Hence, Respondent had until July 8, 2012 to file his Petition.

5

Respondent's Petition was not filed until October 23, 2018, long after his claims had prescribed.

## CONCLUSION

Based on the foregoing reasons, the district court erred in denying Relators' exception of prescription. Respondent's breach of contract claims, seeking recovery of wage benefits, is covered by the three-year prescriptive period as provided by La. C.C. art. 3494(1). We, therefore, grant Relators' writ and reverse the judgment of the district court.

**WRIT GRANTED;**
**JUDGMENT REVERSED**